## SMITH and Another *v.* ACKERMAN.

*A.* sold, and by a deed containing a covenant against incumbrances conveyed, to *B.* certain real estate, in half of which the widow of *A.'s* vendor had a right of dower. *Held,* in a suit against *B.* on his note given for a part of the purchase-money, that the existence of such right of dower could not be set up as a failure of the consideration of the note.

But if the right of dower in such case had been enforced by the widow, or if the defendant had extinguished it, the payment of so much of the purchase-money as the right of dower was worth, might have been avoided.

Where there are two issues, both must be disposed of before the plaintiff can have final judgment.

May Term,
1841.

SMITH
v.
ACKERMAN.

*Thursday,*
*May 27.*

APPEAL from the *Fayette* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by *Ackerman* against *Smith* and another on a promissory note for 738 dollars; which note was made payable to *Kindred*, and by him assigned to the plaintiff. The note is dated on the 15th of *November*, 1838, and was payable on the 25th of *December* then following. Pleas, 1st, the general issue; 2dly, failure of consideration. The latter plea states, that the note sued on, with two others each of the same amount, was given in consideration of two certain town lots in *Conners-ville;* which lots, on the day the note was given, were conveyed by the payee and his wife to the defendants; that the conveyance contains a covenant against incumbrances; that one *Isaac Wood,* who had been seised of the north half of the said lots, and had conveyed his interest therein to the payee, had died since the latter's conveyance to the defendants, and had left a widow who was entitled to dower in said half of the lots, which dower exceeded in value the amount of the note sued on. Replication to the special plea; demurrer to the replication overruled; and judgment in favour of the plaintiff for the amount of the note.

It is not necessary to examine the replication to the special plea, as we consider the plea to be no bar to the action. The defendants received a conveyance for the lots with a covenant against incumbrances, and gave three notes of 738 dollars each for the price. They are now sued on one of the notes, and wish to bar the suit by pleading an outstanding right of dower in half the premises. This cannot be done. The right of dower is no doubt an incumbrance; but before it can be a ground for refusing to pay any part of the purchase-money, it must have occasioned some special damage to the purchasers. Had the right of dower been enforced by the widow, or had the defendants extinguished it, the payment of so much of the purchase-money as the right of dower was worth, might have been avoided; because there would have then been a cause of action to that amount against the payee, on the covenant against incumbrances. But the matter of the plea in question shows no claim against the vendor, on account of the incumbrance, except for no-

minal damages, and cannot, therefore, be pleaded in bar of the present suit for a part of the purchase-money.

We have heretofore decided a case very similar to the one now before us. *Whisler* v. *Hicks*, May term, 1839. In that case, it is true, the title to dower was not, as in this, consummated by the death of the husband; but still the principle of the cases is the same; the vendee having no better claim to special damage, on account of the incumbrance, in this case than in the one referred to.

But though the special plea be bad, the plaintiff was not entitled to final judgment, whilst the issue in fact remained undisposed of. That issue being overlooked, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Newman* and *C. B. Smith*, for the appellants.

*C. H. Test*, for the appellee.