*Nov. Term, 1847.*

OSBORN
v.
DODD.

---

OSBORN and Others *v.* DODD.

*Held*, that whilst the obligee of a bond of an administrator, conditioned for a title to land sold under an order of the Probate Court, retained possession of the land and of the bond, he could not claim a rescission of the contract on account of the misrepresentations of the administrator and the widow as to dower in the land.

*Quære*, whether where the obligee of such bond has received a partial benefit by having had possession of the land, he can have a right to rescind.

APPEAL from the *Hendricks* Circuit Court.

PERKINS, J.—Bill in chancery by *Ennis Dodd* against *Job Osborn*, the administrator, *Rebecca Robbins* (now *Rebecca Fincher*), the widow, and others, the heirs, of *Michael Rob-*

*Monday,
November 22.*

Nov. Term,
1847.

OSBORN
v.
DODD.

*bins*, deceased, praying the rescission of a contract for the purchase of a tract of land, a perpetual injunction upon a judgment at law for the unpaid purchase-money, and compensation for valuable improvements made upon the land.

Decree in the Court below upon bill, answers, and proofs, for the plaintiff, the appellee in this Court.

The bill alleges that *Job Osborn* was the administrator of the estate of *Michael Robbins*, deceased; that the personal effects of the estate were insufficient to pay the debts; that to supply the deficit, *Osborn*, having obtained an order from the Probate Court of *Hendricks* county for the purpose, sold the land described in the bill at public sale; and that *Dodd*, the appellee, became the purchaser at 150 dollars on six months' credit, receiving a title-bond for a deed on the payment of the purchase-money.

The bill charges that *Osborn*, and the said *Rebecca*, the widow, were present at the sale, and both represented to the appellee that the purchaser would take a title to the land free from the incumbrance of the widow's dower, as she would take her entire dower out of other lands of the deceased, and never claim any part of it out of the tract then offered for sale; that in consequence of these representations, the appellee was induced to become the purchaser, and at a higher price than would otherwise have been given; that notwithstanding these facts, said *Rebecca*, after the administrator had received a part of the purchase-money and recovered a judgment for the balance, filed her application against the appellee and others in the *Hendricks* Probate Court, and procured an assignment of dower out of the lands so sold by the administrator.

The bill shows the appellee's purchase to have been made in 1839; that he then entered into possession of the land; and that he has since retained, and still retains, possession. It assigns no reason for not resisting and defeating the widow's application for dower, in the *Hendricks* Probate Court. It contains no offer to surrender the possession of the land, or to return the title-bond received at the sale, or to account for the rents and profits. The fraudulent representations charged in it are denied in the answers of the administrator and

widow, and the answer of the heirs, put in by a guardian *ad litem*, admits nothing, as they are infants.

Upon the bill in this case, even were there proof of the fraud charged, the decree of the Court below could not be sustained. A case is not presented in which the parties, by a decree, can be placed *in statu quo*. Possession of the land and title-bond is retained by the party seeking to rescind the contract. This fact is sufficient to defeat the present suit. *Cain* v. *Guthrie, May* term, 1847.—*Brumfield et al.* v. *Palmer*, 7 Blackf. 227. But suppose the land and title-bond surrendered, there still remain the rents and profits for five years. Their reception constituted a partial benefit derived from the contract, and it is said by *Chitty* that where such partial benefit has been received there can be no rescission. Chitt. on Cont., 6th ed. 743. It is not necessary that we should consider this latter point.

We are of opinion, also, that the decree in this case is erroneous upon another ground. On a careful review, it seems to us the evidence is insufficient to overcome the positive denial, contained in the answers of the adult defendants, of the fraudulent representations alleged.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*C. C. Nave*, for the appellants.

*H.* and *H. Brown* and *A. G. Porter*, for the appellee.