Nov. Term, 1851.

HARDESTY
v.
SMITH.

## HARDESTY *v.* SMITH.

Debt by the assignee of sealed notes for the payment of money, against the maker. Pleas—1. That the consideration of the notes was the sale and assignment from one *I.* to the defendant, of the full and exclusive right and liberty of making, constructing, and vending to others to be used, a certain improvement in the lamp, described in a schedule attached to, and forming a part of, said sale and transfer, signed by the pretended inventor, to-wit, one *H.*, for the term of 14 years from the date of the letters patent, to-wit, &c., within the state of, &c., and that said supposed improvement in the lamp, at the time, &c., and still, was of no value whatever. 2. That the only consideration of the notes was the sale and transfer of the right mentioned in the first plea, and that said *I.*, combining with one *W.*, to whom the notes were made payable, falsely and fraudulently represented that said improvement in the lamp, would burn, by one filling with oil, for the space of six hours, whereas, in truth, it would burn for a space of time less than three hours and

Nov. Term,
1851.

———

HARDESTY
v.
SMITH.

Tuesday,
November 25.

thirty minutes, and that it would cost but 16 cents to construct one of said lamps, whereas, in truth, it would cost 37½ cents, all which was well known to said *I.* and *W.* *Held*, that the pleas were bad on general demurrer.

ERROR to the *Tippecanoe* Court of Common Pleas.

PERKINS, J.—Debt by *Hardesty* against *Smith*, upon sealed notes for the payment of money. The notes were made payable to *Artemis Wood*, and were by him assigned to one *Isham*, and by said *Isham* to the plaintiff.

The defendant pleaded—1. That the sole consideration of said notes "was the sale and assignment from one *Cyrus Isham*, to the said defendant, of the full and exclusive right and liberty of making, constructing, using, and vending to others to be used, a certain supposed improvement in the lamp, described in a certain schedule attached to, and forming a part of, said sale and transfer, signed by the pretended inventor, to-wit, one *Horace Howard*, for the term of fourteen years, from the date of the letters patent, to-wit, the 10th day of *February*, 1843, within the state of," &c.; and the said defendant says that said supposed improvement in the lamp, was, at the time, &c., and still is, of no value whatever.

2. That the only consideration of the notes, was the sale and transfer of the right mentioned in the first plea, and that said *Isham*, " combining with said *Artemis Wood*, to whom the notes were made payable, falsely and fraudulently represented that said improvement in the lamp, would burn, by one filling with oil, for the space of six hours, whereas, in truth, it would burn for a space of time less than three hours and thirty minutes; and that it would cost but 16 cents to construct one of said lamps, whereas, in truth, it would cost 37½ cents ; all which was well known to said *Isham* and *Wood*."

To these pleas, the plaintiff demurred generally. The Court sustained the demurrer to the second plea, overruled that to the first, and the defendant had final judgment in his favor.

The demurrer to the second plea was rightly sustained. Though that plea alleges fraud, still it does not aver that

the right purchased was of no value, and shows no offer to return it to the vendor. The contract has not been rescinded, and the defendant retains an article which, according to the plea, we must regard as of some value. He has no right, therefore, wholly to preclude the plaintiff from his action, though he may, perhaps, avail himself of the fraud, if it exist, in mitigation of damages. See *Johnson* v. *McLane*, 7 Blackf. 501; and the cases cited in note 2, Chit. on Cont., 7 Am. Ed., p. 463, and note 2, p. 678.

The first plea is also bad, and the Court erred in not sustaining the demurrer to it. The simple fact that the improvement in the lamp was of no utility, is not sufficient to bar a suit on these notes. Parties of sufficient mental capacity for the management of their own business, have a right to make their own bargains. The owner of a thing has the right to fix the price at which he will part with it, and a buyer's own judgment ought to be his best guide as to what he should give to obtain it. The consideration agreed upon may indefinitely exceed the value of the thing for which it is promised, and still the bargain stand. The doing of an act by one at the request of another, which may be a detriment or inconvenience, however slight, to the party doing it, or may be a benefit, however slight, to the party at whose request it is performed, is a legal consideration for a promise by such requesting party. So the parting with a right, which one possesses, to another, at his request, may constitute a good consideration. And where one person examines an invention to the use of which another has the exclusive right, and, upon his own judgment, uninfluenced by fraud, or warranty, or mistake of facts, agrees to give a certain sum for the conveyance of that right to him, such conveyance forms a valid consideration for such agreement. The judgment of the purchaser is the best arbiter of whether the thing is of any value, and how great, to him. The chance he may acquire of gain, the power he may obtain of preventing any other person from attempting to introduce the use of the invention in compe-

Nov. Term 1851.

HARDESTY
v.
SMITH.

tition with some rival one such purchaser may, at the time, own the right to, or some other motive, may induce him willingly to pay a sum of money, in such case, for that which, in the end, may prove valueless in itself. On the other hand, as we have already said, loss, or trouble, or inconvenience, or expense, on the part of the grantor, or seller, without any profit to the buyer, is a good consideration. So the simple parting with a right which is one's own, and which he has the right to fix a price upon, must be a good consideration for a promise to pay that price. In such cases, the purchaser *gets a something*, and he is estopped by the exercise of his own judgment, uninfluenced by fraud, or warranty, or mistake of facts, at the time, to afterwards say it was not worth to him what he agreed to give.

If there is no title in the seller, then, indeed, the purchaser does not get what he supposes he is buying, and may well say there is no consideration, unless where he purchases under such circumstances as show that he takes the risk of the title. But the doctrine of failure of consideration rests, as a general rule, on the two doctrines of fraud and warranty. Where either of these exists, the party does not purchase upon his own unbiased judgment of the thing, and hence is not estopped as to the price; and hence, again, may show in evidence what, by the judgment of others, the thing purchased is really worth, where it is retained, rather than returned upon a rescission of the contract entirely.

Where, however, there is no fraud, or warranty, express or implied, or mistake as to facts, the parties are bound by the contracts they make. *Pollard* v. *Lyman*, 1 Day, 156, and *Kernodle* v. *Hunt*, 4 Blackf. 57, are in point. When a party gets all the consideration he honestly contracted for, he cannot say he gets no consideration, or that it has failed. If this doctrine be not correct, then it is not true that parties are at liberty to make their own contracts. And if, where an article is fairly sold and purchased, for a stipulated consideration, a Court or jury may annul the bargain if they come to the conclusion

the article sold was of no value, then they should be permitted, in every case, where they may conclude the article is worth something, to determine whether it is worth as much as has been promised for it, and, if it is not, to reduce the amount to be paid to that point; thus doing away with all special contracts, and putting all dealing upon the *quantum valebat* and the *quantum meruit*—a doctrine that would, indeed, produce litigation enough.

Nov. Term, 1851.

In what we have said, we take it for granted the contract is earnestly made. If it be a mere matter of jest, as if a person should offer his companion a thousand dollars to pick up a cane he had dropped, and it was done, such a promise would not be enforced, because it would show on its face that it was not intended as a contract. So, we admit, there is a class of undertakings known in law as unconscionable, that are regarded as being fraudulent on their face, and not to be enforced; but the one under consideration does not fall within either of these classes.

As to whether, and, if ever, in what cases, a party may set up mistake of facts to show a want or failure of consideration, need not be, and is not, here decided. No such mistake is alleged to have occurred in this case.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. S. Orth* and *E. H. Brackett*, for the plaintiff.

*R. C. Gregory*, for the defendant.