Nov. Term,
1853.

COOLEY
v.
HARPER.

---

## COOLEY v. HARPER.

If a sheriff, having levied upon personal property, leaves it in the hands of the execution-defendant for safe keeping, and the latter loses it, or converts it to his own use, such loss or conversion is a sufficient disposition of the levy to authorize the issuing of another execution.

A party who would rescind a contract on the ground of fraud, must return whatever of value he has received upon the contract from the opposite party, that they may be placed *in statu quo*.

ERROR to the *Delaware* Circuit Court.

PERKINS, J.—The proceedings in this case were commenced by a notice of a motion to set aside executions issued upon two judgments rendered in the *Delaware* Circuit Court at the *September* term, 1840, in favor of *Harper* against *Cooley*, it being alleged that said judgments had been satisfied by a release under seal, of which profert was made.

Nov. Term, 1853.

COOLEY
v.
HARPER.

Saturday, December 3.

Afterwards, at the *September* term, 1847, the plaintiff filed an amended notice, as a second count, alleging, as a further cause for setting aside said executions, that in *October*, 1841, an execution issued on each of said judgments, by virtue of which the sheriff levied on certain personal property sufficient to satisfy said judgments, and that said levies remained undisposed of, the sheriff having made returns that the property levied on was not sold for want of bidders.

The defendant pleaded that the release above mentioned was obtained by fraud. The plaintiff replied that it was not. Issue.

The defendant also filed three pleas to the second count.

1. That said executions were not issued and levied, &c.; and upon this there was issue.

The 2d and 3d pleas alleged that the property so levied on was left by the sheriff in the possession of *Cooley*, the execution-defendant; that the sheriff took no delivery bond; that said *Cooley* had converted the property to his own use; and that none of it had been applied to the satisfaction of the judgments.

The plaintiff demurred to the two last-mentioned pleas, but the demurrers were overruled, and judgment rendered on the demurrers as to the second count.

The cause was submitted to the Court upon the issue joined upon the plea of fraud to the first count. The Court found for the defendant, and overruled the plaintiff's motion to set aside the executions.

The counsel for the plaintiff contends that the Court

erred in overruling the demurrer to the second and third pleas to the second count.

When property is levied on by virtue of an execution, if it remains unsold during the lifetime of the execution, the proper course for the plaintiff to pursue, is, no doubt, to procure the issue of a writ of *venditioni exponas*. The levy operates as a satisfaction of the judgment to the extent of the value of the property taken, until it is in some way disposed of. It is also the duty of the sheriff to keep the property safely, and, if he fails to do so, and the property is lost, the execution-plaintiff may have an action against him. But he may make the execution-defendant, or any other person, his agent to keep the property, of course at his own risk so far as regards the claim of the execution-plaintiff, and if the property should be lost through the fault of the execution-defendant, or if it should be converted by him to his own use, we do not perceive any good reason why either should not be regarded as a sufficient disposition of the levy to authorize the issue of another execution, if the plaintiff should be disposed to pursue that course, rather than his remedy against the sheriff. Surely, the execution-defendant, who had converted the property levied on, could not complain .of this, and to decide otherwise would only have the effect of producing circuity of actions to obtain the rights respectively of the parties; for, if the sheriff should be required to satisfy the execution-plaintiff, the execution-defendant would, in turn, be answerable to the sheriff. We think, therefore, the demurrers were properly overruled.

The counsel for the plaintiff also contends that the finding of the Court upon the issue of fact was not warranted by the evidence. There was some evidence tending to prove that the release was fraudulently obtained; and as it was a question for the jury, or the Court sitting as such, we do not think the judgment ought to be reversed on this ground.

It must, however, be reversed. The evidence shows that the execution-plaintiff received 150 dollars in cash,

and *Cooley's* note, with one *Clark*, as surety, for 125 dol- <span style="float:right;">Nov. Term,</span>
lars, in consideration of the release. These he retains, 1853.
and has made no offer to return them, or either of them·
It is well settled that if a party would rescind a contract
on the ground of fraud, he must return what of value he
has received upon said contract from the opposite party,
that they may be placed in *statu quo*. *Hardesty* v. *Smith*,
3 Ind. R. 39.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*W. March*, for the plaintiff.

*T. J. Sample, O. H. Smith*, and *S. Yandes*, for the defendant.