## SMALL v. REEVES.

Upon an executory contract to convey land by deed with covenants of warranty, the seller must have, and offer to convey, a perfect title, at the time the last installment of purchase-money becomes due and the deed is to be executed, to enable him to recover unpaid purchase-money.

Where a deed is made and accepted and possession taken under it, want of title will not enable the purchaser to resist the payment of the purchase-money, or recover more than nominal damages on his covenants, while he

retains the deed, and possession, and has been subjected to no inconvenience or expense on account of the defect of title.

Where incumbrances constitute the defect of title, the purchaser, where they are embraced by the covenants in his deed, may pay them off, and set up the amount in bar of recovery of an equal amount of purchase-money. And, perhaps, he may temporarily enjoin, under some circumstances, the collection of the purchase-money.

In all cases where the purchaser is evicted upon a paramount title, within his covenants, he may set up the damage in bar of recovery of unpaid purchase-money; or, if the purchase-money has been all paid, he may sue, and recover for full damages, upon his covenants. It is otherwise where the deed is without covenants.

Any adverse possession, but especially such as is alleged in this case, at the time of the conveyance, *it seems*, is an eviction, and renders the conveyance made utterly void.

*Wednesday,*
*May 30.*

APPEAL from the *Clark* Circuit Court.

PERKINS, J.—Suit for a part of the consideration of the sale of land. A deed for the land had been executed. The deed contained the covenants of general warranty, and for quiet and peaceable possession.

The answer set up a breach of the covenants as to ten acres of the land, which, it was averred, were, at the time of the execution of the deed above named, in the adverse possession of one *Patterson,* who held them by a fee simple, indefeasible title, and still held the possession in virtue of such title, and that said ten acres were worth 1,200 dollars, being more than the balance of the purchase-money sued for.

A demurrer to this answer was sustained.

The following propositions touching the sale and conveyance of land in this state would seem to be settled by our own decisions.

1. Upon an executory contract to convey land by deed with covenants of warranty, the seller must have, and offer to convey, a perfect title, at the time the last installment of purchase-money becomes due and the deed is to be executed, to enable him to recover unpaid purchase-money. Ind. Dig., p. 792.

2. Where a deed is made and accepted and possession taken under it, want of title will not enable the purchaser to resist the payment of the purchase-money, or recover

more than nominal damages on his covenants, while he re-
tains the deed, and possession, and has been subjected to
no inconvenience or expense on account of the defect of
title.

This is, in many of the cases, because the purchaser's
possession, being under color of title, may continue undis-
turbed for twenty years, and thus become perfect, and he
be uninjured.   And he may rely on the covenants in his
deed for redress, if injury occurs.   *Hannah* v. *Henderson*,
4 Ind. R. 174.—*Reasoner* v. *Edmundson*, 5 *id*. 393.   See
*Osborn* v. *Dodd*, 8 Blackf. 467.

3. Where incumbrances constitute the defect of title,
the purchaser, where they are embraced by the covenants
in his deed, may pay them off, and set up the amount in
bar of recovery of an equal amount of purchase-money.
*Holman* v. *Creagmiles*, at this term (1).   And, perhaps, he
may temporarily enjoin, under some circumstances, the col-
lection of the purchase-money.   *Oldfield* v. *Stevenson*, 1
Ind. R. 153, and cases cited.

4. In all cases where the purchaser is evicted upon a
paramount title, within his covenants, he may set up the
damage in bar of recovery of unpaid purchase-money; or
if the purchase-money has been all paid, he may sue, and
recover full damages, upon his covenants.   Ind. Dig. 357.
—*Reese* v. *McQuilkin*, 7 Ind. R. 450.

It is otherwise where the deed is without covenants.
*Major* v. *Brush*, 7 Ind. R. 232.—*Hardesty* v. *Smith*, 3 *id*.
39.

5. Any adverse possession, but especially such as is al-
leged in this case, at the time of the conveyance, it seems,
is an eviction, and renders the conveyance made utterly
void.   Ind. Dig. 104.   See Rawle on Covenants for Title,
75, 268; *Bottorf* v. *Smith*, 7 Ind. R. 673.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*R. Crawford*, for the appellant.
*W. T. Otto*, for the appellee.

(1) *Post*, 177.