Nov. Term, 1860.

WILEY
v.
HOWARD.

---

## WILEY v. HOWARD.

In case of want of title to one, of several tracts of land sold, if the contract was for a gross sum for all the land, without setting a specific value on each tract, the deduction must be in proportion to its relative value and importance, when taken in connection with the whole.

It is no defense to a note given for the purchase money of land, and payable before the time for the making of the deed, that the vendor has no title to the land.

A party defrauded, has his option, either to avoid the contract, or abide by it, notwithstanding the fraud ; but if he elect to rescind, he must do it *in toto*, and restore to the other party whatever he has received upon the contract.

Nov. Term,
1860.

WILEY
v.
HOWARD.

A purchaser of land by title bond, can not treat the contract as void, on the ground of fraud, so long as he holds possession of the land and retains his bond.

Fraud without damage, gives no cause of action, and the probability that a vendee of lands will not be able to procure a title, when the time arrives at which he will be entitled to receive it, is not the subject of present compensation in damages.

The Courts may, on proper application, enjoin the collection of purchase money, until a valid title is procured by the vendor, though the want of such title cannot be pleaded in bar by the vendee to an action for the purchase money before the time for the making of a conveyance.

If an answer be bad, it is error to sustain a demurrer to a replication thereto, although the replication might have been bad, had the answer been good.

*Wednesday,*
*December* 5.

APPEAL from the *Ripley* Circuit Court.

WORDEN, J.—Complaint by *Wiley*, against *Howard*, upon a promissory note for one thousand dollars, dated *May* 10, 1853, and payable *May* 10, 1857, made by *Howard* to one *William R. Wiley*, and by the latter indorsed to the plaintiff.

The defendant filed an answer of eight paragraphs. A demurrer was sustained to the 5th, 7th, and 8th, and no question arises concerning them. A reply, in denial, was filed to the 2d and 3d. A demurrer was filed and overruled to the 1st, 4th, and 6th, and the plaintiff excepted. Replications, in avoidance, were then filed to the 1st, 4th, and 6th paragraphs of the answer; to which demurrers were sustained, and the plaintiff excepted. The plaintiff having filed replies in denial of the last mentioned paragraphs of the answer, withdrew them, and declining to make further reply thereto, judgment was rendered against him.

The errors assigned, are upon the rulings of the Court upon the demurrers to the 4th and 6th paragraphs of the answer, and upon the demurrers to the replies to the 1st, 4th, and 6th paragraphs, and in rendering final judgment for the defendant.

The paragraphs of the answer on which the questions involved arise, are as follows:

1st. By this paragraph, he admits that he made said promissory note, but says that he gave the same in part consideration of the purchase of certain lands mentioned and

described in a bond made by *William R. Wiley*, and his wife, which he makes a part of his said answer, and which reads as follows, to-wit:

" Know all men by these presents that we, *William R. Wiley*, and *Lucinda Wiley*, wife of the said *William R. Wiley*, of the county of *Switzerland*, and State of *Indiana*, are held and firmly bound unto *John W. Howard*, of the county and State aforesaid, in the sum of sixteen thousand dollars, lawful money of the United States, to be paid to the said *John W. Howard*, his heirs, executors, administrators, or assigns; for the payment whereof, well and truly to be made and done, we bind ourselves, our heirs, executors and administrators, firmly by these presents. Sealed with our seals and dated this *May* 10, A. D. 1853.

" The condition of the above obligation is such, that if the above bound *William R. Wiley*, and *Lucinda Wiley*, his wife, or their heirs, on or before *May* 10, 1860, shall and do, upon the reasonable request of the said *John W. Howard*, his heirs or assigns, and at their proper costs and charges, make, execute and acknowledge, or cause to be made, executed and acknowledged, a deed, or deeds, of conveyance, such as will be sufficient to convey, assure, and confirm to the said *John W. Howard*, his heirs and assigns, a good, absolute, and indefeasible estate of inheritance in fee simple, clear of all encumbrances, of and in the following messuages and tenements, to wit: The north-east quarter of section twenty-eight (28), township two (2), range one (1), west, containing one hundred and sixty acres; and also a part of the north-west quarter of section twenty-eight (28), township two (2), range one (1), west, bounded as follows, to-wit: Beginning at center of said section at which a locust is planted as a corner, being the south-east corner of said quarter section, running thence north, nine degrees east, thirty-eight chains and five links to the north-east corner of said quarter, being the north-west corner to *Zela Moss*, and south east to *Abraham Bledss'* section on which a beech, six inches in diameter, distance twenty-three links, bears south, six degrees east, and a beech twenty inches, distance twenty links, bears north, thirty-four degrees west, thence west with the north line, twelve chains and eighty-six links to a

corner from which a beech, thirty-six inches in diameter, distance twenty-eight links, bears east to a beech twenty inches in diameter, distance thirteen links, bears north seventy degrees west, thirty-nine chains and twenty links to the south boundary of said quarter, from which a beech eighteen inches in diameter, distance nineteen links, north thirty-two degrees west, and a beech twenty inches in diameter, distance twenty-five links, bears south, thence with the south boundary of said quarter, twelve chains and eighty-six links to the place of beginning, containing fifty acres of land, it being the same land deeded by *John Carver* and *Margaret Carver*, to *William Wiley*, and recorded in the Recorder's office of *Switzerland* county, in book B, pages 230 and 231, Febuary 20, 1852. Also fifty acres off the north side of the south-east quarter of section twenty-eight (28), township two (2), range one (1), west, with the appurtenances thereto belonging; and in the meantime, and until such deed shall be executed, shall and do permit and suffer the said *John W. Howard*, his heirs and assigns, peaceably and quietly to hold the said messuage and tract of land, then the above obligation is to be void and of none effect, otherwise to be and remain in full force and virtue in law. For which the said *John W. Howard* has this day agreed to pay the said *William R. Wiley* the sum of seven thousand eight hundred dollars, that is to say, the said *Howard* has this day paid me in hand one thousand dollars, and executed seven notes of hand, one note for eight hundred dollars, payable on May 10, 1854; one note for one thousand dollars, payable on May 10, 1855; one note for one thousand dollars, payable on May 10, 1856; one note for one thousand dollars, payable on May 10, 1857; one note for one thousand dollars, payable on May 10, 1858; one note for one thousand dollars, due on May 10, 1859; and one note for one thousand dollars, payable on May 10, 1860, the whole notes to be a lien on said land until paid, the notes bearing interest from date. "Signed, sealed and delivered in presence of *Joseph Malin*."

WILLIAM R. WILEY,  { SEAL. }

her
LUCINDA &#9826; WILEY,  { SEAL. }
mark.

That he did on *September* 29, 1856, demand of said *William R. Wiley*, a deed for said land, of the kind and description in said title bond mentioned, and offered that he would, on his complying with such demand, pay the whole of the purchase money, but said *Wiley* wholly failed and refused to make said deed on such request made of him. That at the time he purchased said land from said *William R. Wiley*, and at the time he gave said notes, the said *Wiley* falsely and fraudulently represented to defendant, that he had a good title to said land, that he had a good right to sell the same, and that he could make a good title thereto ; when, in truth and in fact, the said *Wiley* had no good title to a portion of the said lands, to-wit: the north-east quarter of section twenty-eight (28), in township No. 2, range one west, and no good right to sell the same, and could make no good and valid title thereto, nor had he, at the commencement of this suit, any good title thereto, nor has he yet, but the title to said quarter section of land is in one *Micajah G. Moss*, who refuses to convey the same. And defendant says, that confiding in said false and fraudulent representations of said *Wiley*, he purchased said lands, and gave the note in the complaint mentioned, in part consideration of said purchase and sale ; and defendant says that he has paid to said *William R. Wiley* the sum of $4,400, part of said purchase money, which is more than the residue of said lands in said title bond is worth, and more than the said *Howard* was, by the contract with said *Wiley*, to pay therefor ; wherefore he says, that the consideration for which said note was given has failed.

4th. By this paragraph it is averred, that defendant executed said note, but that it was given in part consideration of certain lands, sold by said *William R. Wiley* to this defendant on *May* 10, 1853 ; for the conveyance of which the said *Wiley* and wife, executed to defendant a title bond, dated on said *May* 10, 1853, as above set out. That at the time of said purchase and sale, said *Wiley* represented to the defendant that he had purchased a portion of said land, to-wit: the north-east quarter of section 28, in township No. 2, range one west, from one *Micajah G. Moss*, and had a valid title bond from said *Moss* for the conveyance of the same; and

falsely represented that he had fully paid said *Moss* for said quarter section of land, that he had an equitable right thereto, and that he would procure from said *Moss*, and make to the defendant, a good title to the same; and said defendant, confiding in said representations of said *Wiley*, purchased from him said lands, and executed said note, in complaint mentioned, in part consideration of the purchase money. And defendant says it was not true that said *Wiley* had made a valid purchase of said quarter section of land from said *Moss*, nor had he paid the purchase money therefor, and that the legal and equitable title to said quarter section of land is in said *Moss*, who refuses to convey, and will not convey the same to said *Wiley;* and said *Wiley* has not complied with his contract made with said *Moss*. And defendant further says, that said *Moss* claims the title and possession of said land, and has demanded possession of this defendant, and has commenced an action, in this Court, for the recovery of the possession thereof; that on *October* 10, 1856, he demanded from said *William R. Wiley* a deed for said land, but he wholly refused to make the same. And defendant says he has paid the said *William R. Wiley* the sum of $4,400, part of the consideration for said land, which is more than the residue of the land, in said title bond mentioned, is worth; wherefore he says, that the consideration of said note has failed.

6th. By this paragraph it is again averred, that said note. was given in part consideration of the purchase of certain lands from *William R. Wiley*, the assignor thereof, which are set out and described in a certain title bond, made by said *Wiley* and wife, to said *Howard*, dated *May* 10, 1853, which title bond is above set out; and he says that he has paid, in addition to the sum of $1,000 paid in hand, the said note for $800, payable *May* 10, 1854, and the note for $1,000, payable *May* 10, 1855, and the note for $1,000, payable *May* 10, 1856, which notes were paid as they became due, and the sum of $600 on the note payable *May* 10, 1857, which is the note now sued on, which payment is indorsed on said note, making, altogether, the sum of $4,400. And defendant says, that he did, on the day of *October*, 1856, request said *Wiley* to make to him a deed for said land, and

offered said *Wiley*, if he would make a deed according to the terms of said bond, that he would, at the time of his doing so, pay to the said *Wiley* the whole of the purchase money aforesaid, but said *Wiley* wholly refused to make said deed; and he further says, that said *Wiley* was then, and still is, wholly incapable of making a good and valid title to said land; that the title to a portion thereof, to-wit: the north-east quarter of section 28, in township No. 2, in range one west, is in one *Micajah G. Moss*, who refuses to convey the same to said *Howard* or the said *Wiley*, and has commenced his suit in this Court against the defendant to recover the possession of said quarter section of land. And defendant says that the sum paid by him as aforesaid, exceeds the price to be paid for the residue of the land mentioned in said title bond, to the amount of $1,400; and he further avers that the said *William R. Wiley* is wholly insolvent; wherefore he prays judgment.

We are of opinion that these several paragraphs are radically defective, and that the demurrers thereto should have been sustained. One objection urged to them is, that as the contract was for a gross sum, for all the land, it not appearing what the particular tract, to which the vendor had no title, was estimated at in the purchase, the averment that the defendant had paid more than the residue of the land was worth, is insufficient. In *Bond* v. *Quattlebaum*, 1 McCord, 584, it was held that in case of want of title to part of the land sold, "if the contract was for a gross sum, for all the land, without setting a specific value on each, or any, particular tract, then the deduction must be in proportion to its relative value and importance, when taken in connection with the whole." This seems to be a just and equitable rule. With this preliminary observation, we proceed to what we conceive to be the main objections to the pleading. By the terms of the bond, the land was not to be conveyed until *May* 10, 1860, three years after the note sued on became due; and the suit was brought sometime before the land was to be conveyed. The payment of the money and the conveyance of the land were to be independent, and not concurrent, acts. It is not contended by the counsel for the appellee, that the mere fact that the vendor had no title to the land, is, in such case, any defense. This point

Nov. Term,
1860.

WILEY
v.
HOWARD.

was settled in the case of *Wright* v. *Blachley*, 3 Ind. 101. But it is insisted that the false and fraudulent representations of the vendor in reference to the particular portion to which he had no title, were, in connection with the fact that he had no title, sufficient to vitiate and render void the entire contract. This may be true. But it is at the option of the party defrauded, to avail himself of the fraud in avoidance of the contract, or to abide by the contract, notwithstanding the fraud. But if he elect to rescind, he must do it *in toto*. *Gatling* v. *Newell*, 9 Ind. 572. He must restore to the other party whatever he may have received upon the contract, so as, as far as possible, to place him in *statu quo*. *Osborn et al.* v. *Dodd*, 8 Blackf. 467; *Hardesty* v. *Smith*, 3 Ind. 39 ; *Cooley* v. *Harper*, 4 Ind. 454.

Here, the pleadings do not show a rescission, or an offer to rescind the contract, even as to the portion of the land to which the vendor has no title; but, on the contrary, they show that the defendant sought to enforce it, by offering to pay the purchase money and demanding a deed. The bond provides that the defendant, until the execution of the deed, should have possession of the land, and the inference is that he has such possession. This inference is confirmed by the allegations in the 4th and 6th paragraphs, that *Moss* had demanded of the defendant the possession, and had brought suit against him to recover the same. The defendant retains the possession of the land and also the title bond, and, as long as he does so, he cannot treat the contract as void on the ground of fraud. *Osborn* v. *Dodd, supra.*

But perhaps the defendant might affirm the contract, keep what he has got, and set up the fraud in mitigation of damages on the note. See *Hardesty* v. *Smith*, 3 Ind. 39. In such case, the pleading must show that he has sustained some damage in consequence of the alleged fraud. In *Pasley* v. *Freeman*, 3 T. R. 51, it was said by *Buller*, J., that " Fraud without damage, or damage without fraud, gives no cause of action ; but where these two concur, an action lies." We are not able to perceive, by the allegations in the pleadings, that the defendant has suffered any substantial damage. He has suffered no loss in consequence of the false representations.

He has had the use and occupancy of the premises. To be sure, *Moss* has brought suit against him, to recover possession of the land, but, until he is ousted, he has all the contract provides for, until the time comes when he is to have a deed for the premises. Supposing the defendant were suing his vendor for the false representations thus made, to what damage has he shown himself entitled? Certainly none, or at most merely nominal. The probability that he will not be able to procure a title to the land, when the time arrives at which he will be entitled to receive it, is not a subject for present compensation in damages, because, until that time, and until such failure, he has suffered none. A possible future injury is not a subject for damages. *Massey* v. *Crane*, 1 McCord, 489. There are cases closely analogous in our own Court. Thus, in *Smith* v. *Ackerman*, 5 Blackf. 541, a suit was brought on a note given for land, and the defendant set up an outstanding right of dower in the premises. The Court say: "The right of dower is no doubt an encumbrance; but before it can be any ground for refusing to pay any part of the purchase money, it must have occasioned some special damage to the purchaser." Again, in *Reasoner* v. *Edmundson*, 5 Ind. 393, it was held, that an outstanding mortgage was a breach of the covenant against encumbrances, but that, for such breach, the purchaser was only entitled to nominal damages, until eviction.

The defendant, by his pleading, not having shown himself in a condition to avoid the contract on the ground of fraud; and not having shown that he sustained any substantial damages in consequence thereof; and having failed to rescind, we think the demurrers to the several paragraphs should have been sustained. This decision in no wise conflicts with the case of *Warren* v. *Carey*, 5 Ind. 319. There, upon facts somewhat similar, the answer assumed the form of a counterclaim, and prayed the Court to enjoin the proceedings on the note in suit, until the plaintiff should make, or cause to be made, a deed for the premises sold. The Court say: "It would be in conflict with the plainest principles of justice, to require the appellant to part with more money in payment for the land, until he has a full assurance of a valid title to the whole tract. But it is contended, that *Warren*, until he has

*Nov. Term, 1860.*

WILEY
v.
HOWARD.

Nov. Term, offered to rescind the contract of sale, was not entitled to the
1860.   *restraining power* of the Court. We perceive no force in that
PROCTOR   position. The answer does not seek to rescind, but rather to
v.   enforce the contract. Its object is to enjoin the vendor from
BAKER.   collecting the purchase money, until he shall have made good
his representations respecting the title to the premises. An
offer to rescind was therefore unnecessary."

Admitting that the facts here set up, would authorize the
Court to enjoin the collection of the note sued upon, until the
plaintiff's assignor should procure a valid title to the land, it
does not therefore follow, that they authorize a rendition of
judgment in favor of the defendant, acquitting him from its
payment altogether.

The paragraphs in question, pray no injunction or other
affirmative relief. They profess to be pleaded in bar of the
action, and for this, therefore, they are insufficient.

This view renders it unnecessary for us to examine the
replications to these several paragraphs, to which demurrers
were sustained. No error is assigned upon the ruling upon
the demurrer to the first paragraph of the answer, but there
is upon the decision of the Court upon the demurrer to the
replication thereto. The paragraph of the answer being bad,
it was error to sustain a demurrer to a replication thereto,
although the replication might have been bad, had the answer
been good. Ind. Dig. §§ 170, 171, p. 649; Perk. Prac. 236.

*Per Curiam.*—The judgment is reversed, with costs. Cause
remanded, with leave to the parties to amend their pleadings.

*S. C. Stevens*, for appellant.

*Jer. Sullivan*, for appellee.