Jordan v. Blackmore's Adm'r.

---

JORDAN *v.* BLACKMORE'S Adm'r.

PLEADING—ACTION ON COVENANTS.—In a suit for a breach of covenant, it is sufficient to aver the breach negatively, in the words of the covenant; but such averment does not necessarily involve the right to recover more than nominal damages, and would not constitute a defence to an action for purchase money beyond one cent.

APPEAL from the *Ripley* Common Pleas.

*Per Curiam.*—*Shockley*, as administrator of the estate of *Thomas Blackmore*, deceased, brought an action against the appellant, who was the defendant, to foreclose a mortgage on certain real estate therein described. The mortgage bears date *March* 14th, 1860, and was executed by the defendant to *Blackmore* to secure the payment of two promissory notes, of the aggregate amount of 1,800 dollars.

The defendant's answer to the complaint consisted of five paragraphs. To the first there was a demurrer sustained, and to the others the plaintiff replied. The issues were submitted to the Court, who found for the plaintiff the full amount

of the notes, and, having refused a new trial, rendered judgment, &c.

The first paragraph, to which the demurrer was sustained, alleges these facts: The notes were given for the purchase money of the lands described in the mortgage, which, at the date of the mortgage, was sold and by warrantee deed conveyed by *Blackmore* to the defendant. It is averred that that deed contains the following, among other covenants, viz: that *Blackmore* was lawfully seized in fee of the premises, &c., and had good right to sell and convey the same; and for breach of these covenants the defendant in fact says that *Blackmore* was not, at the date of the deed, nor at any time since, seized in fee of said premises in manner aforesaid or otherwise, nor had he the right to sell and convey the same, in manner aforesaid; which facts have come to the defendant's knowledge since the commencement of this suit; wherefore, &c. The demurrer was well taken. *Van Nest* v. *Kellum*, 15 Ind. 264, decides that "in a suit for a breach of covenant, it is sufficient to aver the breach negatively in the words of the covenant; but such averment does not necessarily involve the right to recover more than nominal damages, and would not constitute a defence to an action for purchase money beyond the amount of one cent." This authority is in point and decisive of the case before us. See, also, *Small* v. *Reeves*, 14 Ind. 163.

The judgment is affirmed, with 2 per cent. damages and costs.

*Edwin P. Ferris,* for the appellant.