## Traster *v.* Snelson's Administrator.

Pleading.—An answer pleaded to the entire cause of action, which in fact answers but a portion of it, is bad on demurrer.

Deed.—Mill Dam.—A deed of a mill seat, and the appurtenances, stipulated that the dam was to be five feet high, and contained full covenants. To an action for the purchase money, the grantee answered a breach of the covenant that the grantor was seized of a right to raise the dam to a hight of five feet; that in fact he had no right to raise the dam higher than two feet, and that the right to raise the dam to the hight named in the deed was of a value greater than the purchase money sued for.

*Held,* that the answer was a good bar to the action.

APPEAL from the *Madison* Common Pleas.

Gregory, J.—*Snelson's* administrator sued *Traster* on two notes and a mortgage for the last two installments of the purchase money of real estate conveyed by *Snelson* to *Tras-*

*ter.* The mortgage was given originally to secure the entire purchase money, $4,837 50; $3,100 of which had been paid. The deed contains full covenants, and, after describing, by metes and bounds, a specific tract of land, proceeds as follows: "And upon which parcel of land, and adjoining thereto, is a saw mill and flouring mill, which said (mills) and machinery, and appurtenances to the whole,. to pass with said real estate by this conveyance, together with the mill-dam, race, and all the rights and privileges for the full enjoyment of the same, to said *John Traster;* said dam to be five feet in hight, common stage water."

The appellant answered in three paragraphs. By the first, he sets up that it is necessary, to the proper use of the mill privilege conveyed, that the dam should be raised to the hight of five feet from a common stage of water, and that one of the privileges and rights incident and necessary to the proper use and enjoyment of the real estate and mill is, and was, the right to take gravel from the north bank of *White* river, adjacent to the mill-dam, to keep said dam in repair and raise the same, and that *Snelson,* at the time of the conveyance, represented that he had such right, and was, by his deed, conveying the same to the defendant; that one *Chappel* owns the lands adjoining and east of the land and water rights conveyed to the defendant; that the lands of *Chappel* are worth fifty dollars per acre; that by measurement and leveling, since the purchase, the defendant has ascertained that if he should raise his mill-dam to the hight of five feet, it would raise and back the water of *White* river so much that it would overflow, at high stage of water, thirty acres of the land of *Chappel,* and damage him fifteen hundred dollars, and hence the defendant cannot construct his dam five feet high, without paying said damage; and that *Snelson* had not the right, and did not and could not convey to the defendant the right, to take and use the gravel from the north bank of *White* river adjacent to said mill-dam, and that hence the defendant cannot exercise

said right, and he has been damaged thereby fifteen hundred dollars.

A demurrer was sustained to this paragraph, and this is the first error complained of. This paragraph sets up a defense to the entire action. The right to take the gravel was not appurtenant to, nor did it pass with, the premises conveyed. The legal effect of the conveyance was matter of law, of which the defendant was bound to take knowledge. As to this matter, the paragraph is bad. The demurrer was rightly sustained, for the reason that this paragraph professes to answer the whole complaint, but only answers a part. In *Sayres* v. *Linkhart et al.*, 25 Ind. 145, this court say: "The demurrer is to the whole answer, and as one of the notes claimed as a set-off is well pleaded, if the answer had only assumed to answer a part of the complaint, the demurrer would have been correctly overruled; but it assumes to answer the whole complaint, by the set-off of the two notes, and a tender and payment into court of the residue; and as the averments are not sufficient, in reference to one of the notes, to make it a valid set-off, the paragraph fails to answer the whole complaint, and the demurrer should therefore have been sustained."

The second paragraph avers, that by the deed the decedent covenanted and warranted, among other things, that he was lawfully seized of the right to raise the mill-dam to the hight of five feet above a common stage of water in *White* river at said dam, which dam, at the time of the conveyance, was only two feet above a common stage of water thereat; that at the time of the conveyance, *Snelson* had no title or right to raise the dam to a hight above what it was at that time, nor had he any right, title, or authority to convey to the defendant the right, title, power, or authority to raise the dam to the hight of five feet, or to any hight above said two feet; nor did the decedent, in his life time, nor have his heirs or his administrators since his death, acquired any greater right, title or power thereto than said decedent had at the time of the conveyance; that

the right, title and power to raise said dam to the hight of five feet was, at the time of the conveyance, and still is, worth three thousand dollars, and was so estimated by the parties to the deed at the time of the conveyance.

A demurrer was sustained to this paragraph, and this is the second error assigned and relied on for the reversal of the judgment. The paragraph shows a breach of the covenant of seizin, and a right to a recovery of full damages. The amount claimed is greater than the unpaid residue of the purchase money sued for. The court erred in sustaining the demurrer, and for this reason the judgment must be reversed.

The third paragraph of the answer is bad, and the demurrer thereto was rightly sustained, for the reasons given in ruling on the action of the court in sustaining the demurrer to the first.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the demurrer to the second paragraph of the answer, and for further proceedings.

*H. D. Thompson* and *W. R. Pierce*, for appellant.

*M. S. Robinson*, for appellee.