HANNA and Another *v.* SHIELDS.

VENDOR AND PURCHASER.—*Title.*—*Mortgage.*—*Foreclosure.*—In a suit on a note and to foreclose a mortgage on real estate executed to secure said note given for unpaid purchase-money of said real estate, an answer, pleaded in bar of the whole cause of action, alleging an entire want of title in the vendor, is bad on demurrer, such want of title being at least no defense to the foreclosure of the mortgage.

SAME.—*Purchase-Money.*—The fact that the vendor of real estate conveyed by warranty deed had a title to only a portion of said real estate at the time of said conveyance by him and has not since acquired a title to the remainder, is not a good defense to an action against the vendee in possession under said deed, to recover unpaid purchase-money.

RESCISSION.—An application for the rescission of a contract is addressed to the discretion of the court, and will not be granted when the parties cannot be placed *in statu quo.* When one seeking to rescind has derived benefit under the contract, he must reconvey, refund or give up to the other party all such benefit. If he has had the valuable use of property, he must offer to account for this profit. And it must affirmatively appear that he has acted promptly in availing himself of his right to rescind.

APPEAL from the Sullivan Circuit Court.

DOWNEY, J.—This was an action to foreclose a mortgage executed to secure the payment of two promissory notes, given for a part of the price of certain real estate, by the appellant Burton G. Hanna to Crowder, and by him endorsed to the plaintiff below.

Answer: first, no consideration; second, failure of consideration; third, this paragraph having been withdrawn, no question arises in reference to it; fourth, an answer and cross complaint praying that Crowder be made a party, and for a rescission of the contract; fifth, nearly similar to the fourth, and having the same prayer.

A demurrer was filed and sustained to the second and fourth paragraphs of the answer, and exception. Thereupon, without any reply to the second and fifth paragraphs of the answer, there was a trial by the court, and finding and judgment for the plaintiff.

There was no motion for judgment *non obstante veredicto,* nor for a new trial.

The first question is with reference to the sufficiency of the second paragraph of the answer. It alleges, that, at the time of the execution of said notes and mortgage, the maker of the notes purchased of Crowder, the payee, the premises mentioned in the mortgage; that he conveyed the same by warranty deed; that he was to convey a perfect title in fee simple; and that the consideration for the notes and mortgage had failed, because Crowder did not convey to Hanna, nor did he then possess, nor has he since acquired, a perfect title to said land, but the title was in another party.

If for no other reason, this paragraph of the answer was bad because it was pleaded in bar of the action generally, and not in bar of a personal judgment only. It is decided by this court in *Rogers* v. *Place,* 29 Ind. 577, that an allegation of an entire want of title in the vendor is no defense to the foreclosure of the mortgage given to secure the purchase-money. See, also, *Hubbard* v. *Chappel,* 14 Ind. 601. The demurrer to this paragraph was rightly sustained.

In the fourth paragraph, which is also a cross complaint, the defendant alleged, that, before the execution of the mortgage and notes, Crowder occupied and pretended to own the property mentioned in the mortgage, and offered to sell the same to the defendant, and fraudulently and falsely represented to him that he had a good and perfect title to the same, and Hanna then agreed to give Crowder one thousand dollars therefor, that being the full value of the lot and improvements; that Crowder did not then furnish an abstract of the title, nor did Hanna investigate the same, but, relying on the representations, paid him five hundred dollars, and received a general warranty deed, and executed the mortgage and notes for the balance of the purchase-money, and entered into the possession of the premises, on which were situated a dwelling house and an unfinished well, which well the defendant finished, and he built a wood-house, stable and coal-house on the premises, and made sidewalks and other improvements thereon, to the value of three hundred dollars, and paid taxes to the amount of fifty dollars; that after this he was informed that Crowder had not, at the time of making the contract, nor has he since acquired, any title whatever to the one undivided third part of said lot, but that the same was in another party, all of which was well known to Crowder and fraudulently concealed at the time of making the contract; that the lot was, as Crowder knew, purchased by defendant for a residence, and is small for that purpose, and is not susceptible of division by cutting off the one-third part thereof without destroying its utility for the purpose aforesaid and greatly injuring the dwelling house; that upon discovering the defect of title, the defendant proposed to said Crowder, before he transferred the notes, that he would rescind the contract and redeliver to him the possession of the property, and reinvest in him the title thereto, if he would surrender the notes and mortgage, and repay the amount already paid on the purchase-money, and one hundred dollars for expenditures aforesaid, which Crowder refused to do. And the paragraph says the de-

fendant now brings into court a deed for said lot, which was filed with the answer, and again offers to deliver the same and the possession of said lot to said Crowder upon such terms as are equitable and just, and such as the court may decree, and prays the court to decree a rescission of the contract, that the notes and mortgage may be surrendered up, &c., that Crowder be made a party and compelled to repay the money already paid to him, &c.

This paragraph sought for equitable relief. An application for the recission of a contract is addressed to the discretion of the court, and will not be granted except where the parties can be placed *in statu quo.* Where the party seeking the relief has received a benefit under the contract he must reconvey, refund. or give up to the other party the benefit so acquired. He must also act promptly in availing himself of the right to rescind.

It is not considered necessary to cite authorities to sustain these propositions. They are too well settled. The deed was received by the appellant and bears date, as do also the notes and mortgage, May 19th, 1866. It is alleged, that, upon discovering the defect in the title, the defendant proposed to rescind, and that this was before the assignment of the notes; but when the notes were assigned is not alleged. The deed made to reconvey the property bears date March 12th, 1868, the day after the filing of the answer and cross complaint, filed March 11th, 1868. We are thus unable to see, from anything alleged in the answer and cross complaint, when it was proposed by the defendant to rescind. It was at some time between the date of the execution of the notes and the time of commencing the action, February 19th, 1868. We cannot say that there was that degree of diligence which is required in such cases. This should affirmatively appear. And again, it appears that the defendant went into possession of the premises at the date of the conveyance to him, and that there was a dwelling house on the lot, the use of which we must presume was worth something during the period of time from the date of the deed until the offer to rescind; and

there was no offer to account for this advantage or profit at the time when it was proposed to rescind. That this was necessary, appears from the following cases: *Osborn* v. *Dodd*, 8 Blackf. 467; *Hardesty* v. *Smith*, 3 Ind. 39; *Cooley* v. *Harper*, 4 Ind. 454; *Shaeffer* v. *Sleade*, 7 Blackf. 178. We think a case for rescission is not shown.

It does not follow that the party is without remedy. We have examined the pleading and the authorities with a view of seeing whether it can be regarded as a defense, in whole or in part, to the plaintiff's action, but we think it cannot be so regarded. It is claimed by the attorney of the appellant, that the convenant of seizin is broken the. moment it is made, if the grantor has no title. This may be conceded, but still it does not appear that in this case the grantor had no title. He had a valid title to two-thirds of the lot, and he put the grantee into possession of the whole of it. And though the grantee may claim that the covenant is broken when there is no title, he can recover only to the extent of the damage which he has sustained. And, supposing that he has not been disturbed in the possession and enjoyment of the property, can it be said that he has suffered more than nominal damages? Suppose no one shall ever disturb him in the possession of the property, shall he hold the property, and yet not pay for it? We are referred by the appellant to *Traster* v. *Snelson's Adm'r*, 29 Ind. 96, but in this case the court say, " the paragraph shows a breach of the covenant of seizin, and a right to a recovery of *full damages*." This was a case where the right which the party had stipulated for, which was the right to increase the height of a mill-dam, was of such a nature that he was not in the possession of it, nor was it in the power of the other party to give it to him. It was not a case where the party had received and was in the possession of all that he had contracted for. On the proposition, that for a breach of the covenant of seizin without eviction, only nominal damage can be recovered, and when set up as a defense, only a nominal amount can be allowed, see the following cases: *Stevens* v. *Evans' Adm'x*, 30 Ind.

39; *McClerkin* v. *Sutton,* 29 Ind. 407; *Jordan* v. *Blackmore's Adm'r,* 20 Ind. 419; *Van Nest* v. *Kellum,* 15 Ind. 264; *Small* v. *Reeves,* 14 Ind. 163.

As to the other questions, there having been no motion for judgment *non obstante,* nor any application for a new trial, they are not before this court for decision. Such questions cannot be raised in this court for the first time. See *Preston* v. *Sandford's Adm'r* 21 Ind. 156, and cases there cited.

The judgment is affirmed, with one per cent. damages and costs.

*J. M. Hanna,* for appellants.

*S. Coulson,* for appellee.