No. 16,274.

## Burns v. Weesner et al.

Injunction.—Sufficiency of Complaint.—Promissory Notes.—Purchase-Price of Land.—Fraud.—Suit to Enjoin Transfer of Notes.—Where suit was brought to enjoin the transfer of certain promissory notes and to cancel them and a mortgage executed to secure them, the complaint was sufficient, which was, in substance, as follows: That plaintiff purchased of defendant A. a forty-acre tract of land for $1,700, paying thereon the sum of $750 in cash, and executing his notes for $950, the remainder of the purchase-price, payable in bank in this State; that said defendant A. executed to plaintiff a warranty deed for said land; that said defendant held only a life estate in said land, and falsely and fraudulently represented that she was the owner in fee thereof, and that plaintiff, being ignorant of the facts, and not having the means of knowing them, relied upon such representations, and purchased said land for the price as above mentioned; that the notes as above mentioned are not due, and said defendant is about to transfer them to innocent purchasers for value; that defendant B. has the notes in his possession, and is a resident of this State, while defendant A. is a nonresident of this State, and is insolvent; that the $750 paid by plaintiff to defendant A. is the full value of the life estate in said land; that plaintiff has demanded a surrender of said notes, which was refused, and if plaintiff is compelled to pay the same, it will be a total loss to him. Prayer that defendant A. be enjoined from transferring said notes, etc. The facts, as above set out, if true, entitles the plaintiff to relief, and before he is required to pay any more of the purchase-price, equity requires that he be secured against loss, and that in the mean time defendant A. be enjoined from transferring said notes.

From the Wabash Circuit Court.

*M. H. Kidd* and *N. G. Hunter*, for appellant.
*C. W. Weesner*, for appellees.

COFFEY, C. J.—On the 22d day of March, 1873, Johiel Weesner and wife executed to the appellee, Elizabeth S. Brady, a deed of conveyance, the material parts of which are as follows:

"This *indenture*, made this day, witnesseth that Johiel Weesner and Nancy Weesner, his wife, of Wabash county, in the State of Indiana, *convey* and *warrant* to Elizabeth S. Brady, of the same county and State, for and in consideration of natural love and affection, a life estate in the following real estate in Wabash county, in the State of Indiana, to wit: The north half of the south half of the northeast quarter of section 5, township 25 north, of range 6 east. The said Johiel and Nancy Weesner hereby convey the said real estate to the said Elizabeth S. Brady to be held, used, and occupied for and during the natural life of the said Elizabeth S. Brady, and at the death of the said Elizabeth S. Brady to the children of the body of the said Elizabeth S. Brady in fee simple."

On the 15th day of August, 1889, Elizabeth S. Brady and her husband, John M. Brady, sold and conveyed, by warranty deed, to the appellant the entire south half of the north-east quarter of section 5, in township 25, range 6 east.

This action was brought by the appellant against the appellees to enjoin them from transferring certain of the notes executed by the appellant to Elizabeth S. Brady for a part of the agreed purchase price of the land, payable in a bank in this State, and to obtain a decree canceling such notes and a mortgage executed to secure the payment of the same.

It is alleged in the complaint, among other things, that

the appellee, John Brady, was the owner in fee of one-half of the eighty-acre tract above described, while his wife, Elizabeth S. Brady, was the owner of a life estate in the remaining forty acres, with a remainder over to her children; that the appellant purchased from John Brady the land so owned by him, for the agreed price of fifteen hundred dollars, and paid him therefor in cash; that the said Elizabeth falsely and fraudulently repre-sented to the appellant that she was the owner in fee of the other forty-acre tract, and that he being ignorant of the facts, and not having the means of knowing them, relied on such representation, and believing it to be true, and relying thereon, purchased said forty-acre tract from her at the agreed price of seventeen hundred dollars, pay-ing thereon the sum of seven hundred and fifty dollars in cash, and executing his notes for nine hundred and fifty dollars, the remainder of the purchase price, pay-able in a bank in this State; that said John and Eliza-beth Brady executed to him a general warranty deed for the whole of said eighty acre tract of land; that said Elizabeth had no title to said land except such as was conveyed to her by the deed above set out; that three of the notes executed for the land above-named are not due, and that the said Elizabeth is about to transfer them to innocent purchasers for value; that the appellee Weesner has the notes in his possession, and is a resident of the State of Indiana, while the said Elizabeth and John Brady are nonresidents of this State; that the seven hundred and fifty dollars so paid by the appellant to Elizabeth is the full value of her life estate in said land, and that she has three children who own the fee in the forty acres so sold and conveyed by her to the appellant; that the appellant has often demanded a surrender of said notes, which has been refused, and if he is com-pelled to pay the same it will be a total loss to him, as

the appellees are nonresidents of the State, and are insolvent. Prayer that Elizabeth be enjoined from transferring the notes until the title to the land be perfected, or until appellant be secured against loss. The appellant also offers to reconvey the land and account for the rents and profits upon a return of the money paid by him.

To this complaint the circuit court sustained a demurrer, and the appellant electing to stand upon his complaint, the appellees had judgment for costs.

The propriety of this ruling presents the only question for our consideration. We are of the opinion that the deed above set out did not convey to Elizabeth S. Brady a fee simple interest in the land therein described. It was evidently the intention of the grantors to limit her interest to a life estate only, leaving the fee to her children. The words "heir" or "heirs of the body" are words of limitation, but the words "child" or "children" are words of purchase. *Andrews* v. *Spurlin*, 35 Ind. 262; *Tinder* v. *Tinder*, 131 Ind. 381; *Jackson* v. *Jackson*, 127 Ind. 346; *Owen* v. *Cooper*, 46 Ind. 524; *Fountain County Coal, etc., Co.* v. *Beckleheimer*, 102 Ind. 76; *Shimer* v. *Mann*, 99 Ind. 190.

The deed under immediate consideration is not governened by the rule in Shelley's case.

The general rule is that a purchaser of land, while he remains in possession, can not resist the payment of the agreed purchase price, on the ground that the title attempted to be conveyed to him is imperfect, for the reason that such title may become perfect under the statute of limitations. This case, however, is not governed by the general rule, for the appellant has no adverse possession.

He is entitled to the possession of the land during the natural life of Elizabeth S. Brady, and such possession

is not adverse to the owners of the fee, who are her children. They have no right to the possession of the land during her life.

If it be true, as alleged in the complaint and admitted by the demurrer, that the appellant, by means of a fraud practiced upon him by Elizabeth S. Brady, was induced to purchase from her the fee to this land, when in fact she owned a life estate only; that he has fully paid her for the value of her life estate, and that she and her husband are nonresidents of the State, and are insolvent, so that the payment of any further sum will be a total loss to the appellant, he should have relief. Before he is required to pay any further sum, equity and good conscience require that he should be secured against loss, and in the meantime Elizabeth S. Brady should be enjoined from transferring the notes to an innocent purchaser. *Crowfoot* v. *Zink*, 30 Ind. 446; *Traster* v. *Snelson's Admr.*, 29 Ind. 96; *Fehrle* v. *Turner*, 77 Ind. 530; *Wimberg* v. *Schwegeman*, 97 Ind. 528.

In our opinion, the circuit court erred in sustaining the demurrer to the appellant's complaint in this case.

Judgment reversed, with directions to the circuit court to overrule the demurrer of the appellee to the appellant's complaint, and for further proceeding not inconsistent with this opinion.

Filed May 12, 1893.