8 316
128 699

## SCHOOL DISTRICT No. TWO OF MADISON TOWNSHIP, POLK COUNTY, *v.* ROGERS.

Where a suit is brought in the name of a school district, on a promissory note made payable to certain persons by name, as school directors, and their successors in office, the fact that the note is made payable to them and others as directors, in the absence of any showing that the payees have a direct legal interest in the note, does not show that they have such an interest as renders them incompetent as witnesses.

Where a note is executed in consideration of a sale of real estate, and it is made to appear that the conveyance was to be made upon the payment of the purchase money, the two acts are so far dependent, that the plaintiff, in an action on the note, must show a performance, or an offer to perform, the contract on his part, unless the defendant has waived a tender of the deed.

Where in an action on a promissory note, it appeared that the consideration of the note, was a house and lot, sold by plaintiff to defendant, a deed of conveyance of which was to be made on the payment of the money; and where the court was asked to charge the jury as follows: "That if the consideration of the note was real estate sold, before the plaintiff can recover the amount thereof, he must show that he has

made and tendered, or offered to make and tender, to the defendant, a conveyance of the real estate," which instruction the court refused to give; *Held*, That the court erred in refusing to give the instruction.

## *Appeal from the Polk District Court.*

### WEDNESDAY, APRIL 13.

SUIT upon a promissory note. The note is made payable to Hopkins, and others, by name, as school directors, and their successors in office, and the suit is brought in the name of the school district. On the trial, Hopkins was offered as a witness for the plaintiff, and permitted to testify.

It appeared in evidence, that the consideration of the note sued on, was a house and lot sold by the plaintiff to the defendant, a deed of conveyance of which was to be made by the plaintiff to the defendant, on the payment of the note. The court was asked to charge the jury, that " if the consideration of the note was real estate sold, before the plaintiff can recover the amount thereof, he must show that he has made and tendered, or offered to make and tender, to defendant, a conveyance of the real estate," which instruction was refused. Judgment for the plaintiff, and the defendant appeals.

*Cassady & Crocker*, for the appellant.

*T. E. Brown*, for the appellee.

STOCKTON, J.—The first question is, whether Hopkins, as payee, was rightfully admitted as a witness for plaintiff. In the absence of any evidence, showing that the witness had a direct, certain, legal interest in the suit, we think the fact that the note was made payable to him and others, as school directors, does not show that he had such an interest as to render him incompetent to testify, in a suit brought upon the note in the name of the school district. As school director, he was merely the agent, or trustee, of the dis-

trict; and though the payee of the note, was not the real party in interest.

In refusing to give the instruction, we think the court erred. Under the issue joined, and under the evidence before the court, we think the instruction was proper to be given. Where it is made to appear, that the conveyance was to be made upon the payment of the purchase money, the courts regard the two acts as so far dependent, that it is held that to entitle the plaintiff to recover, he must show a performance, or offer to perform the contract on his part, unless the defendant has waived a tender of the deed. 2 Hilliard on Vendors, 71; *Bank of Columbia* v. *Hagner*, 1 Peters, 467; *Leonard* v. *Bates*, 1 Blackf., 172; *Woods & Hobert* v. *Morgan*, Morris, 179; Ib., 380.

Judgment reversed.