Nov. Term, 1861.

HACKER
v.
BLAKE.

</div>

HACKER *v.* BLAKE and Another, Administrators of BUTCHER.

Where a deed is made and accepted, and possession taken under it, want of title in the vendor will not enable the purchaser to resist the payment of the purchase money, or recover more than nominal damages on the

Nov. Term,
1861.

HACKER
v.
BLAKE.

covenants of the deed, while he retains the deed, and possession of the land, and has been subjected to no inconvenience or expense.

An entire want of title in the grantor, is a breach of a covenant of seizin, but while the purchaser retains possession, he can only recover nominal damages; and for such damages, a cause will not be reversed in the Supreme Court.

Wednesday,
November 27.

APPEAL from the *Putnam* Circuit Court.

WORDEN, J.—Action by the appellant, against the appellees. Demurrer to the complaint sustained; and final judgment for the appellees. The plaintiff appeals, and brings in review the decision upon the demurrer. The substance of the case made by the complaint, is as follows:

In the lifetime of *William C. Butcher*, deceased, the plaintiff purchased of him certain lands, in the complaint described, and took a conveyance therefor, with covenants of seizin and warranty; and, at the same time, executed to the deceased a mortgage to secure the purchase money. The plaintiff took, and retains, possession of the premises. After the death of *Butcher*, his administrators filed a complaint in the proper Court, and obtained a judgment, foreclosing the mortgage, and directing a sale of the premises. An execution had been issued on the judgment, and levied upon the premises, which were about to be sold by virtue thereof. After the judgment, the plaintiff discovered that the deceased had no title whatever to a portion of the lands, he having purchased the same at a sheriff's sale, upon an execution issued upon a void judgment. Prayer, that proceedings on the execution be stayed; that a new trial may be had in the foreclosure suit, and the plaintiff permitted to make defense, and for other relief.

Passing by any questions of negligence, or diligence, in not discovering the defect in the title until after the judgment of foreclosure, we may treat the case as if the facts were pleaded in defense of that suit, or as if the plaintiff had brought an original suit upon the covenants in his deed. The plaintiff has not been evicted, but retains possession, and also the deed. In *Small* v. *Reeves*, 14 Ind. 164, it was held that "where a deed is made and accepted, and possession taken under it, want of title will not enable the

purchaser to resist the payment of the purchase money, or recover more than nominal damages on his covenants, while he retains the deed, and possession, and has been subjected to no inconvenience or expense, on account of the defect of title. This is, in many of the cases, because the purchaser's possession, being under the color of title, may continue undisturbed for twenty years, and thus become perfect, and he be uninjured. And he may rely on the covenants in his deed for redress, if injury occurs." The complaint, tested by the rules of law, as thus expounded, is clearly bad. *Vide*, also, *Laughery* v. *McLean*, *id.* 106. The entire want of title was a breach of the covenant of seizin, but for such breach, while the purchaser retains possession, he can only recover nominal damages; and for such damages, a judgment will not be reversed. *Tate* v. *Booe et al.*, 9 Ind. 13.

*Per Curiam.*—The judgment below is affirmed, with costs.

*J. A. Matson* and *James A. Scott*, for the appellant.
*H. Secrest* and *S. Turman*, for the appellees.