Nov. Term, 1861.

BRANHAM
v.
COSSETT.

*J. S. Frazer*, for the appellant.

---

### BRANHAM *v.* COSSETT.

Suit by *A.* against *B.*, the mortgagor, and *C.*, the owner of the equity of redemption, to foreclose a mortgage. *C.* answered that *A.* had purchased the land of a railroad company and conveyed it to *B.*; that the title of the company came to be disputed, and that it was agreed by *A.*, in consideration that *C.* would purchase the mortgaged premises, and assume the payment of the mortgage, that he, *A.*, would procure from the grantor of the railroad company a conveyance to *C.*, to cure said supposed defect in the title, and that the time of payment of the mortgage should be extended until such conveyance was obtained; that *A.* had never procured said deed, &c.

*Held*, that the answer presented a good defense to the action.

Saturday,
December 14.

APPEAL from the *Jennings* Circuit Court.

PERKINS J.—Suit to foreclose a mortgage; judgment for plaintiff. It appears that on *April* 1, 1859, *Harrison Sloop*

mortgaged a tract of land to *Pearl S. Cossett*, to secure the payment of a sum of money. Afterward, *William H. Branham* purchased of *Sloop* his equity of redemption. *Cossett* now files his complaint for foreclosure, making *Sloop* and *Branham* defendants. *Sloop* makes default. *Branham* makes this defense, viz., he answers to the complaint that *Cossett* purchased the land of the *Fort Wayne and Southern Railroad Company*, whose title came to be disputed, whereby the land would be unsaleable, and might fail to bring the amount due on *Cossett's* mortgage. And that, subsequently, it was agreed between the plaintiff, *Cossett*, and the defendants, *Sloop* and *Branham*, that in consideration that *Branham* would purchase said real estate, and assume the payment of said mortgage, *Cossett* would procure the execution of a quit claim deed of said real estate from one *Schryer*, to *Branham*, *Schryer* being the prior owner, and grantor of the railroad company, and would extend the time of payment of said mortgage from *Sloop*, and delay its foreclosure, till said quit claim deed was obtained from *Schryer* and delivered to *Branham;* whereupon, in consideration of said promises, *Branham* purchased the equity of redemption of *Sloop*, and received a deed subject to said mortgage; and has been at all times, and still is, ready, &c. to perform on his part; but said *Cossett* has not, as yet, procured and delivered said quit claim deed, &c. Such is the substance, without the particularity of detail, of the answer. To this answer a demurrer was sustained, and the plaintiff had final judgment. *Branham* excepted.

It is manifest, from the statement of the case, that it falls within *Loomis et al.* v. *Donovan*, *ante*, p. 198, and that the demurrer to the answer should have been overruled.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for another trial.

*H. W. Harrington* and *J. H. Vawter*, for the appellant.
*H. C. Newcomb* and *J. Tarkington*, for the appellee.