ROLLINS v. THORNBURG *et al.*

1. Vendor and vendee: TENDER OF DEED. Where, by special contract between the vendor and vendee of real estate, a deed is executed at the time of the sale, and deposited in the hands of a third party, to be delivered by him to the vendee upon the payment by him to the vendor of a note given for the purchase-money, the vendor may maintain an action at law on such note without first tendering a deed to the vendee.

*Appeal from Dallas District Court.*

WEDNESDAY, JUNE 19.

NOTE GIVEN FOR REAL ESTATE : WHEN TENDER OF DEED NOT NECESSARY.—Action by payee against makers of a promissory note. As amended, the petition is an ordinary action at law, asking for judgment upon the note. The only defense pleaded, is, that the note was given as part of the purchase price of certain real estate; that by the contract plaintiff was to execute to defendants a deed, concurrently with the payment of the note, and that he had never executed or tendered such deed. Trial to court and judgment for plaintiff. Defendants appeal.

*Phillips, Gatch & Phillips* for the appellants.

*J. R. Reed* for the appellee.

DILLON, J.—On the trial, the plaintiff read in evidence the note upon which his action was based. The only evidence offered by the defendants was the original petition of the plaintiff, which was withdrawn when the amended petition was filed, and which in substance alleged "that the note in suit was given for the purchase-money due upon certain described real estate, which the plaintiff, at the date of the note, sold to defendants; that at the time of the sale, he exe-

1. VENDOR AND VENDEE: tender of deed.

cuted to defendants a deed of the real estate which was placed in the hands of one Thomas, to be delivered to the defendants on the payment of the note; that defendants went into possession, and have ever since continued in the occupancy of the property."

The only argument made by the defendants to reverse the judgment against them, is that, agreeably to the rules laid down in *School District* v. *Rodgers* (8 Iowa, 316), *Berryhill* v. *Byington* (10 Id., 323), and *Winton* v. *Sherman* (20 Id., 296), the decision should have been in their favor. These cases do not apply. Here the parties made a special contract, which was that the plaintiff should execute and deliver a deed, and place the same in the hands of Thomas, to be delivered to defendants when they paid the note.

Plaintiff performed his part of the contract—made and delivered the deed. The next step is one to be taken by the defendants, and that is to pay the note.

This they have not done. When they do so they will be entitled, by virtue of their contract, to the deed in the hands of Thomas. It is to be presumed that Thomas will then deliver it to them, and this will give them the required evidence of title. If he does not, they can compel him to do so. They thus get all they stipulated for in their contract. Certain it is, that under these circumstances there was no obligation on the plaintiff to execute and tender *another* deed, as an essential, prior condition to a recovery upon the note given for the purchase-money. The evidence did not sustain the defense pleaded. The court, thereupon, correctly adjudged the cause in favor of the plaintiff.

Affirmed.