No. 11,895.

GRUBBS ET AL. *v.* BARBER.

PROMISSORY NOTE.—*Consideration.—Failure of.—Pleading.*—To a complaint upon a promissory note, an answer that the sole consideration was the conveyance by deed, with covenants, of a tract of land to which the plaintiff had no title whatever, but falsely and fraudulently represented that he had a good title, which he knew to be false, upon which the defendant relied, is bad on demurrer.

From the Kosciusko Circuit Court.

*J. D. Wildman* and *L. W. Royse,* for appellants.

*T. R. Marshall* and *W. F. McNagny,* for appellee.

NIBLACK, J.—Suit by Edwin L. Barber against Albert M. Grubbs and Jesse Grubbs, upon a promissory note for $250, with interest at eight per cent., and including attorney's fees.

The defendants answered : *First.* The general denial. *Second.* That the note was given without any consideration. *Third.* That the defendant Albert M. Grubbs was the principal in, and the said Jesse Grubbs only surety upon, the note ; that the note was executed in consideration of a pretended sale and conveyance by the plaintiff to the said Albert M. Grubbs of a certain lot or parcel of ground, particularly described ; that at and before the time at which said lot was so sold and conveyed to him, the said Albert M. Grubbs, the plaintiff, falsely and fraudulently represented to him, the said Albert, that he held said lot by a good and sufficient title in fee simple, and had a good right to sell and convey the same ; that the said Albert M. Grubbs, relying upon such false and fraudulent representations, and believing them to be true, purchased, and received a deed for, said lot from the plaintiff, and, with his co-defendant, executed the note sued on ; that said representations were false, and known to be so by the plaintiff when he so made the same ; that the plaintiff was not then the owner of the lot in question in fee simple, or by any other good title ; that, on the contrary, said lot was then held and owned by the heirs of one Martha Hayes, deceased.

Wherefore it was averred that the consideration of the note had failed.

A demurrer was sustained to this last paragraph of the answer, and that was followed by a finding and judgment in favor of the plaintiff for the amount of the note, with an additional sum for interest and attorney's fees.

Error is assigned only upon the decision of the circuit court sustaining the demurrer to the third paragraph of the answer as above set forth. The facts contained in that paragraph might have constituted an important element in an action for the rescission of the contract for the purchase of the lot, but they were insufficient as a defence to this suit. When nothing is averred to the contrary, the inference is that a deed of conveyance carries with it the possession of the property conveyed, and, acting on that inference in the present instance, we must assume that Albert M. Grubbs was at the time of the commencement of this suit, as well as at the time of the trial, in possession of the lot purchased by him of the plaintiff.

It is a well settled legal conclusion, supported by elementary writers and a long line of cases in this State, that where a deed is made and accepted, and possession taken under it, want of title in the vendor will not enable the purchaser to resist the payment of the purchase-money, or recover more than nominal damages on the covenants in his deed, while he retains the deed and remains in possession, and has been subjected to no inconvenience or expense on account of his alleged or supposed defective title. *Beal* v. *Beal,* 79 Ind. 280; *Gibson* v. *Richart,* 83 Ind. 313.

This question was very fully considered in the recent case of *Marsh* v. *Thompson, post,* p. 272, and on the authority of that case the judgment in this case must be affirmed.

The judgment is affirmed, with costs.

Filed June 17, 1885.