Black *v.* Thompson.

Filed Feb. 20, 1894.

---

No. 16,648.

## BLACK *v.* THOMPSON.

ASSIGNMENT OF ERRORS.—*Conjunctive Assignment.*—*When Must Fail.*— An assignment of error that "The court erred in sustaining the demurrer of the appellee to the second and third paragraphs of appellant's answer," must fail if either paragraph is sufficient.

REAL ESTATE.—*Conveyance.*—*Breach of Covenant.*—*Purchase-Price.*— *Matter of Defense.*—*Incumbrance.*—The fact that there is an outstanding tax title against land which is conveyed by deed containing the covenants of general warranty, will not constitute matter of defense to an action on a note given for purchase-money, and to foreclose a mortgage securing the same, where it does not appear but that the defendant took possession of the premises conveyed under the deed and has had perfect possession thereof ever since.

SAME.—*Conveyance.*—*Breach of Covenant.*—*Incumbrance.*—*Matter of Defense.*—*Necessary Allegations.*—In such case, the mere fact that the vendor represented the title to be clear and free from incumbrances, and that the vendee acted on such representations, and was deceived thereby, will not constitute matter of defense, where it does

not appear that the representation was fraudulently made, or that the defendant was induced by it to make the purchase, or that he had been either peaceably or forcibly compelled to surrender, or had surrendered, possession of the land, or that appellee was insolvent, or that the tax title constitutes a legal incumbrance on the defendant's title.

PLEA IN ABATEMENT.—*Order of.*—A plea in abatement should precede and not follow an answer in bar.

From the Madison Circuit Court.

*E. E. Hendee, J. M. Williams* and *F. A. Walker,* for appellant.

*H. D. Thompson* and *J. T. Ellis,* for appellee.

DAILEY, J.—This was a suit in the court below, brought by the appellee against the appellant, to recover a judgment upon a promissory note, made by the appellant to the appellee for the unpaid purchase-money of certain real estate, and to foreclose a mortgage executed by the appellant to the appellee thereon to secure the payment of said note.

Such proceedings were had that appellee recovered a judgment on the note and a decree foreclosing said mortgage.

The appellant appeals the cause to this court, and for his complaint assigns two errors as follows:

1st. The court erred in overruling the demurrer of appellant to the complaint.

2d. The court erred in sustaining the demurrer of the appellee to the second and third paragraphs of appellant's answer.

The first assigned error is abandoned by the appellant, and it will not be considered by the court.

The demurrers to the second and third paragraphs of the answer were addressed severally to each paragraph, while the assignment of errors thereon is joint and addressed jointly to those paragraphs.

Under the second assignment of errors, if either of the paragraphs is obnoxious to the demurrer addressed to it, this assignment of error must fail. *Ketcham* v. *Barbour, Exr.*, 102 Ind. 576; *State, ex rel.*, v. *Faurote*, 104 Ind. 287; *Bolin* v. *Simmons*, 81 Ind. 92; Elliott's App. Proced., section 337.

The second paragraph of the answer shows that the appellee conveyed the real estate to the appellant, by a deed containing the covenants of general warranty, and that there was an outstanding tax title against the land, and by reason of this fact the county recorder would not record the deed to the appellant. The paragraph does not intimate but that the appellant took possession of the premises conveyed under his deed and has had perfect possession thereof ever since. For aught that appears, appellant received all he contracted for and has never been disturbed in his occupancy or seizin.

In 1 Sugden on Vendors, p. 222, note 4, is this language: "Generally speaking, a purchaser, after the conveyance, has no remedy excepting upon the covenants he has obtained, and though evicted for want of title, and however fatally defective the title may be, if there is no fraudulent concealment on the part of the seller, the purchaser's only remedy is under the covenants."

Rawle on Covenants for Title, p. 566, says: "But when the contract has been consummated by the execution and delivery of a deed, a different rule comes in. Being thus consummated any inconsistencies between the terms of the contract and the terms of the deed are, in general, to be governed solely by the latter, into which the former are merged, and the purchaser's only right to relief from defects or incumbrances, whether at law or in equity, depends, in the absence of fraud solely upon the covenants of title which he has received."

All the alleged fraudulent representations specified in the second paragraph of the answer, viz., that there were no liens or incumbrances against the property, were as to facts the truth of which were as accessible to the appellant as to the appellee, and it is not averred that he relied upon them.

In the case of *Small* v. *Reeves,* 14 Ind. 163, this court said: "Where a deed is made and accepted and possession taken under it, want of title will not enable the purchaser to resist the payment of the purchase-money, or recover more than nominal damages on his covenants, while he retains the deed and possession, and has been subjected to no inconvenience or expense on account of the defect of title."

This case was quoted and fully approved in *Hacker* v. *Blake,* 17 Ind. 97; also, in *Jordan* v. *Blackmore's Admr.,* 20 Ind. 419.

In *Beal* v. *Beal,* 79 Ind. 280, it is said: "Where a warranty deed has been accepted by the purchaser of real estate, possession taken under the deed, and a note given for the purchase-money, so long as the purchaser holds the deed and such possession he can not, for want or failure of title, defend against the payment of the note, for other than nominal damages."

Under these and other decisions the second paragraph of the answer failed to state a defense to the complaint, and the demurrer was correctly sustained to it.

The third paragraph of the answer alleges the existence of a tax title in one Frank M. Millikin, at the time of the conveyance in question, and seeks to restrain the plaintiff from prosecuting this suit "until he makes the facts measure equal to his representations." There is no averment in this paragraph that the appellant has been evicted from the premises, or suffered any damages

by reason of a breach of the covenants, or that he is likely to sustain any loss hereafter growing out of said transaction.

In *Hacker* v. *Blake, supra,* the court said: "The entire want of title was a breach of the covenant of seizin, but 'for such breach while the purchaser retains possession, he can only recover nominal damages; and for such damages a judgment will not be reversed." In support of this doctrine we also cite *Platter* v. *City of Seymour,* 86 Ind. 323; *Marsh* v. *Thompson,* 102 Ind. 272.

Counsel for appellant call our attention to *Hinkle* v. *Margerum,* 50 Ind. 240, in support of their contention. The theory of that case was that the vendor had defrauded the vendee in the sale and conveyance of certain land; that the vendee had surrendered the possession thereof to the holder of the paramount title, and that the vendor was wholly insolvent.

In the case at bar the gist and theory of the defense, in this paragraph, are that there was, at the time the deed was made, an outstanding tax title against it; that the vendor told the vendee that the title was clear and free from any kind of lien whatever, and that the defendant acted on such representation and was deceived thereby. There is no pretense that such statement was fraudulently made, or that the appellant was induced by it to make the purchase, or that he had been either peaceably or forcibly compelled to surrender, or had surrendered, possession of the land, or that the appellee is insolvent. Nor is there a recital in the paragraph that the tax title constitutes a legal incumbrance on the appellant's title to the property in controversy. The case cited and the one under consideration are quite dissimilar.

It may be added that the third paragraph of answer, being in abatement, comes too late. It should precede

and not follow an answer in bar.   *Dwiggins* v. *Clark,* 94 Ind. 49; *Field* v. *Malone,* 102 Ind. 251; R. S. 1881, section 365.

The court did not err in any of its rulings.

Judgment affirmed.

Filed Feb. 22, 1894.