Argued November 2; decided December 21, 1896.

## SAYRE v. MOHNEY.

### (47 Pac. 197.)

ESTATE CONVEYED BY AN AGREEMENT TO SELL REAL PROPERTY.— At law, a bond for a deed, being in effect and operation a contract for the sale of land, conveys no estate whatever, and such rights as the obligees in such an instrument may thereby acquire are transferable without the formalities of a deed. In equity, however, a bond for a deed is held to transfer the equitable estate, leaving the legal title in the grantor as a security for the payment of the purchase money: *Burkhart* v. *Howard*, 14 Or. 38, cited.

PROMISSORY NOTE—PROMISE TO CONVEY AS A CONSIDERATION.— Where the consideration for a note is an agreement by the payee to perform a certain act, as, to execute to the maker of the note a fee-simple title to certain lands, the courts regard the payment and the conveyance as so far dependent that the failure to make the required transfer is a good defense to an action on the note: *Frink* v. *Thomas*, 20 Or. 265, cited and approved.

From Marion: GEO. H. BURNETT, Judge.

Action on a promissory note. The court struck out certain allegations of the answer and then sustained a demurrer to the new matter remaining. Judgment having been entered for plaintiff, the defendants appeal.

REVERSED.

For appellants there was a brief and an oral argument by *Messrs. H. J. Bigger* and *Geo. G. Bingham.*

For respondent there was a brief and an oral argument by *Messrs. Wm. M. Kaiser* and *John A. Carson.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is an action by Ruth E. Sayre against W. D. Mohney, F. J. Strayer, M. W. Smith, and J. A. Rinehardt to recover the balance due on a promissory note for $1,724.25, executed September 16, 1892, by the defendants and one L. M. Hensel to the plaintiff, and payable on or before two years from that date, with interest thereon at the rate of ten per cent. per annum, payable annually. The summons being served upon Mohney and Smith only, they alone appeared in the action, and, after denying the material allegations of the complaint, which are in the usual form, alleged that said note was executed as evidence of the purchase price of a tract of land and right of way to and from the same in Marion County, which the plaintiff, by her bond, agreed to sell and convey by warranty deed to the makers of said note, as partners, upon the payment thereof; that soon after its execution they paid her thereon $804.65, whereupon she permitted them, as partners, to enter into possession of said premises, which they occupied and improved, and on September 16, 1893, paid her the interest then due, amounting to $91.96; that Hensel, Strayer, and Rinehardt, having assigned their respective interests in said property to them prior to the maturity of the note, of which fact plaintiff had due notice, they, on September 18, 1894, tendered plaintiff $1,011.60, the balance due on said note, and demanded of her a conveyance of the premises and right of way according to the terms and conditions of the contract, and she thereupon tendered a pretended deed therefor, but at that time and at the maturity of the note the premises were subject to a mortgage to secure the sum of $2,700, and a delinquent tax of $19.04 for 1893, and that a part of said premises was in the possession of one Whelon, whom they allege, on information and belief, was the owner thereof; that in consequence of these liens upon and failure of title to the premises they, on Septem-

ber 25 of that year, offered to return and cancel said contract and bond for a deed, and then abandoned the property, and surrendered the possession thereof to the plaintiff, and, after giving her due notice, rescinded the contract; that they had ever been ready and willing to perform their part of the agreement, but the plaintiff had failed, neglected, and refused to perform her part thereof, in consequence of which they had been damaged in the amount paid on the note, and also in the sum of $375 on account of improvements made upon the premises, for which they prayed judgment. A copy of the bond having been made a part of the answer, from which it appeared that plaintiff agreed to convey the premises and right of way to the defendants as tenants in common, the court, upon motion, struck out the allegations of possession and agreement to purchase as partners, and sustained a general demurrer to the allegations of new matter contained in the answer. The defendants refusing to plead further, a trial was had, resulting in a verdict and judgment against them for the amount demanded, from which they appeal.

It is contended by counsel for the defendants that the contract entered into by the parties was executory merely, and the agreement to pay the purchase price evidenced by the note depended upon the execution of a good and sufficient warranty deed conveying a fee simple and unincumbered title to the premises; and that, these stipulations being mutual, the failure of consideration and rescission of the contract were rightfully pleaded as a defense to an action on the note, and hence the court erred in sustaining the demurrer; while counsel for the plaintiff maintain that, the bond for a deed having conveyed an equitable estate in the premises to five persons, neither of the obligees could assign his interest, except by deed duly executed; that, there being no allegation of such a conveyance having been made, Mohney and

Smith were powerless to rescind the contract; that the surrender of the premises did not reinvest the plaintiff with the title; and that, the defendants having alleged that plaintiff tendered a deed, the answer should have stated that they at that time made known to her their objections to the title, but failed to do so, and for these reasons the demurrer was properly sustained.

When there is a total failure of the consideration of the note upon which the action is instituted the defendant may rescind the contract, as a matter of right: 1 Daniel on Negotiable Instruments, 203. But it has been held that failure of title to real estate purchased by the defendant will not be a sufficient defense to an action on notes given for the purchase money, when he retains the deed, remains in the possession, and has been subjected to no inconvenience or expense on account of the alleged defective title: *Grubbs* v. *Barber*, 102 Ind. 131 (1 N. E. 636). The reason for this rule is that the purchaser, by accepting an estate and retaining possession thereof, is estopped from denying the title under which he holds. If he would rescind the contract of purchase on account of a defect in the title, or for any other breach of the agreement, he must restore the possession and estate to the vendor: *Marsh* v. *Thompson*, 102 Ind. 272 (1 N. E. 630); *Jackson* v. *McGinness*, 14 Pa. St. 331; *McIndoe* v. *Morman*, 26 Wis. 588 (7 Am. Rep. 96); *Diggle* v. *Boulden*, 48 Wis. 477 (4 N. W. 678); *Hill* v. *Winn*, 60 Ga. 337. The answer having interposed a defense to an action at law on the note, the nature of the estate created by the agreement to convey real property must be determined by the rules of law and not by the maxims of equity. In *Burkhart* v. *Howard*, 14 Or. 38 (12 Pac. 79), it was held, in a suit in equity, that a bond for a deed transferred to the obligee the equitable estate in the premises, while the obligor· held the legal title as security for the payment of the pur-

chase money. This conclusion is reached by invoking the maxim that equity treats that as done which was intended, and considers the vendor as a trustee for the purchaser of the estate agreed to be sold and the purchaser as a trustee of the purchase money for the vendor: 1 Sugden on Vendors, 175. "In law," says Mr. Pomeroy in his work on Specific Performance of Contracts, § 314, "a contract for the sale of land is wholly, in every particular, executory, and produces no effect upon the respective estates and titles of the parties. The vendor remains to all intents the owner of the land; he can convey it free from any legal claim or incumbrance; he can devise it; on his death, intestate, it descends to his heirs; the contract in no manner interferes with his legal right to and estate in the land; and he is simply subjected to the legal duty of performing the contract, or paying such damages as a jury should award. On the other hand, the vendee acquires no interest whatever in the land; his right is a mere thing in action; and his duty is a debt—an obligation—to pay the price; and on his death both this right and this duty pass to his personal representatives, and not to his heirs; in short, he obtains at law no real property or interest in real property; the relations between the two parties are wholly personal. No change is made until, by the execution and delivery of a deed of conveyance, the estate in the land passes to the vendee." A bond for a title is not distinguishable in its ordinary operation and effect from a simple agreement for the same purpose: 1 Warvelle on Vendors and Purchasers, 146.

"Formerly," says this author, at page 397 of the text-book cited, "every estate was legal, in the proper acceptation of that term, and in the contemplation of law there is and can be but one estate, which may properly be denominated the 'legal estate.' But the introduction of what were known as 'uses,' and the subsequent

origination of trusts, where one party held the title, but upon some trust or confidence for another, early led the court of chancery to take cognizance of the rights of the beneficiary, and thus there grew up a double ownership of lands thus situated, the interests which were cognizable as such only in a court of equity taking the name of 'equitable' to distinguish them from 'legal' estates." Tested by this rule, the defendants, not having acquired, at law, any estate in the premises, were under no obligation, in an action for the purchase money, to plead or prove a tender of the deed conveying to plaintiff any possible right they might have in the premises as a condition precedent to the rescission of the contract; and, this being so, the obligees in the bond could assign their respective rights at law without the execution of a conveyance.

The defendants allege that they surrendered the possession of the premises to the plaintiff, and, if this be true, it must be conceded that they showed a right, upon a failure of the title and breach of the conditions of the bond, to rescind the contract, for, as was said by Mr. Justice THOMPSON in *Bank of Columbia* v. *Hagner*, 26 U. S. (1 Peters), 455, "The possession was taken, doubtless, under a belief that the contract would be performed by the plaintiff, and a full title conveyed to him; but, if the contract was unexecuted, the defendant had a right to disaffirm it, and restore the possession; and could have sustained an action to recover back the purchase money, had it been paid." The defendants further allege that they demanded of plaintiff a conveyance of the premises and right of way according to the terms and conditions of the contract, and this would imply that she was requested to name each of the makers of the note as grantees in the deed. The statute declares "The person to whom a tender is made shall at the time specify any objection he may have to the money, instrument, or other

property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterwards": Hill's Code, § 854. It must be presumed that the plaintiff tendered a warranty deed, since she was required by the contract to do so, and, having complied therewith, no objections that the defendants could have made to the terms of the instrument would have been availing, and they were not obliged to allege that they specified the reasons of their objections to the title. The bond for a deed not having provided that the defendants should have the possession of the premises, the right of possession remained with the legal title, and was therefore in the plaintiff, and, as the note was executed for the entire purchase money before the surrender of the possession by plaintiff, it is quite evident the license given the defendants to occupy the land formed no part of the consideration of the note.

The plaintiff having instituted an action on the note, the important question for consideration is whether the defendants could plead a failure of consideration as a defense to the action, or whether their remedy was by a cross-bill in equity. It must be admitted that plaintiff's complaint stated a good cause of action, but, had she relied upon the contract instead of the note, it would have been necessary for her to allege and prove that she duly performed, or offered to perform, all the terms of her agreement, or that she was prevented from so doing by the defendants. Although the contract may be under seal, yet the purchaser, if he has a right to rescind it, may bring an action for money had and received, to recover both the purchase money and interest: 1 Sugden on Vendors, 238. So, too, a vendor in the recovery of pecuniary damages has an adequate remedy at law, yet

he has a choice of remedies, and may resort either to a court of law or a court of equity: *Crary* v. *Smith*, 2 N. Y. 60; *Brown* v. *Haff*, 5 Paige Ch. 240 (28 Am. Dec. 425). In *School District* v. *Rogers*, 8 Iowa, 316, it appeared in evidence that the consideration of the note which was the subject of the action was a house and lot sold by the plaintiff to the defendant, a deed of conveyance of which was to be made on the payment of the note; and the court was asked to charge the jury that "if the consideration of the note was real estate sold, before the plaintiff can recover the amount thereof he must show that he has made and tendered, or offered to make and tender, to defendant a conveyance of the real estate," which instruction being refused, a judgment was rendered for the plaintiff, in reversing which the court said: "In refusing to give the instruction we think the court erred. Under the issue joined, and under the evidence before the court, we think the instruction was proper to be given. When it is made to appear that the conveyance was to be made upon the payment of the purchase money, the courts regard the two acts as so far dependent that it is held that to entitle the plaintiff to recover he must show a performance, or offer to perform, the contract on his part, unless the defendant has waived a tender of the deed."

In *Leonard* v. *Bates*, 1 Blackf. 171, an action was instituted on an obligation to purchase a tract of land, to which the defendant pleaded that he executed the instrument in consideration that the vendor would make to him a good and sufficient deed in fee simple, and that, although he had fully kept his part of the agreement, the plaintiff, not having any title to the said land, neither did nor could make to him the said deed, but had wholly failed and refused to do so, wherefore he alleged that the consideration of the obligation had altogether failed. To this

answer a demurrer was sustained, and, a judgment having been rendered in favor of the plaintiff, BLACKFORD, J., in reversing it, says: "The undertaking to make a good and sufficient deed in fee simple is nothing more nor less than to execute a clear and perfect title. The actual doing of that was the consideration of the defendant's promise. By this plea, the defendant not only denies the performance by the plaintiff of the precedent condition, but also disputes his ability to perform it. Hence, if the consideration was duly stated, it becomes necessary for the maintenance of the suit that the plaintiff, in his replication, should state the goodness of his title, and show that he had done everything in his power to perform his part of the contract. Instead of such a reply, the plaintiff demurs to the plea; and by thus admitting that he never had any title, he puts an end at once to the idea of his being able to make any." The contract in the case at bar was wholly executory, and the payment of the purchase money and the tender of the deed were to occur simultaneously, rendering the acts to be performed mutual and concurrent, so that upon allegation of a failure of the consideration it was the duty of the plaintiff to meet the issue, and prove a performance upon her part of all the terms of the agreement: *Frink* v. *Thomas*, 20 Or. 265 (12 L. R. A. 239, 25 Pac. 717). It follows that the judgment is reversed, and the cause remanded, with instructions to overrule the demurrer, and it is so ordered.

REVERSED.