## ROOK *v.* WRIGHT.

[No. 23,261. Filed December 6, 1917.]

1. VENDOR AND PURCHASER.—*Action for Purchase Money.—Defect in Title.—Damages.*—When a deed is made and accepted, and possession taken under it, want of title will not enable the purchaser to resist the payment of the purchase money, or to recover more than nominal damages on his covenants, while he retains the deed and possession, and has been subjected to no inconvenience or expense on account of defect of title; and for such damages a judgment will not be reversed. p. 659.

2. MORTGAGES.—*Purchase-Money Mortgage.—Foreclosure.—Defense.—Breach of Oral Agreement to Perfect Title.*—Where a party takes a conveyance by a warranty deed, knowing the vendor's title to be defective by reason of the interest of an absentee, upon an agreement by the vendor to perfect the title if the absentee should return, and the agreement to perfect the title is not made a condition precedent to the payment of the purchase-money mortgage, the breach of such agreement is not a defense to a suit to foreclose the mortgage, where possession was taken and held under the deed and the vendee has not been disturbed in his possession or put to inconvenience or expense because of the assertion of a superior lien or title. p. 659.

From Jay Circuit Court; *Jacob F. Denny,* Judge.

Action by Clarinda E. Wright against John T. Rook.

From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*LaFollette & McGriff, George T. Whitaker* and *Frank B. Jaqua,* for appellant.

*McClellan, Hensel & Guthrie* and *John J. O'Neill,* for appellee.

LAIRY, J.—Appellee recovered a judgment in the trial court on a note given to her by appellant as a part of the purchase price of certain real estate and also a decree foreclosing a mortgage given to secure such note. By this appeal appellant seeks a reversal.

Appellee is the daughter of one Preston Shields, who died in 1877 the owner of certain real estate in Jay county, Indiana, having previously made a will by which he devised his land after the death of his wife to his three children, James M., Clarinda E., and Richard Shields, share and share alike. Item No. 4 of the will contained the following provision:

"I further bequeath and will that, in case my son Richard should never return home to claim his interest in my estate, that the same shall escheat to my daughter, Clarinda, for her own use, and, until his return, the said Clarinda shall have the benefit and use of the same without rent or cost and it is further my will that the interest of said Clarinda and Richard shall be taken off of the east side of my said land."

In 1882 the lands devised by the will of Preston Shields was partitioned and as a result there was set apart to Clarinda E. Wright and Richard Shields 72.67 acres off of the east side of the lands described in the will of Preston Shields.

In 1909 Clarinda E. Wright, her husband joining therein, executed a warranty deed by which she undertook to convey to appellant all of the land set off to

her and her brother Richard under the partition pro-
ceedings containing 72.67 acres together with other
lands owned by her containing about thirty-seven acres,
making in all conveyed about 110 acres. At the time of
this conveyance Richard Shields had been absent from
his home continuously for more than forty years, dur-
ing which time his whereabouts had been unknown to
his family. The day on which the deed was executed,
appellant gave his note to appellee for $2,500 as a part
of the purchase price and secured the note by a mort-
gage on the lands purchased. On December 12, 1912,
appellant made a payment of $400 on the note and re-
newed the note and mortgage for the balance, $2,100.
This suit is based upon the last note and mortgage.

To the complaint of appellee, appellant filed an an-
swer in which the substance of the facts heretofore
stated were set out in detail and it was further averred
that at the time of the conveyance of the land and the
execution of the mortgage Richard Shields had been
absent for forty years and his whereabouts were un-
known; that, as a part of the consideration for the exe-
cution of the deed and the purchase of the lands de-
scribed therein Clarinda E. Wright promised and
agreed with appellant that if Richard ever came back
that she would procure him to make and deliver to ap-
pellant such a deed as would convey to appellant what-
ever interest Richard Shields held or owned in said
land. It is averred that after the execution of the deed
and mortgage and about one year before the commence-
ment of the suit, Richard Shields did return to the
State of Indiana, and appellee after such return did not
procure any deed whatever from him to appellant and
that she had refused to procure such conveyance. It is
averred that the value of the interest of Richard Shields
at the time of the conveyance was $2,500. The prayer
is that plaintiff take nothing by her complaint.

The averments of the two affirmative paragraphs of answer were not essentially different. The trial court sustained a demurrer to each of these paragraphs of answer and this ruling presents the only question on appeal.

At the time of the execution of the deed and mortgage Richard Shields was absent and his whereabouts were unknown. If he should ever return, the time of such return was uncertain. The note secured by the mortgage was payable on a fixed date. It was payable absolutely at the time fixed. Its payment was not to be postponed until Richard Shields should return and until the deed was secured. Under the averments of the answer, the procuring of the deed from Richard Shields was not a condition precedent to the payment of the purchase price, and the payment of the purchase price at the time fixed by the note and mortgage was in no way dependent on the procuring of the deed. The agreement to pay the purchase price and the agreement by the vendor to secure the deed from her brother in the event of his return were wholly independent of each other.

Appellee asserts that the oral agreement alleged cannot be set up as a defense for the reason that proof of such an agreement would vary the terms of the written contract; while appellant takes the position that the agreement alleged constituted a part of the consideration of the deed, within the meaning of the rule which permits the consideration of a deed to be shown by parole where the same is not contractual. *Burk* v. *Brown* (1914), 58 Ind. App. 410, 416, 108 N. E. 252; *Hays* v. *Peck* (1886), 107 Ind. 389, 8 N. E. 274.

The court is not called upon to decide the question thus presented. If it were conceded that proof of the oral agreement was admissible and that it could be

proved precisely as alleged, it would not form the basis of a defense to a suit to foreclose the mortgage. If the agreement as alleged had been embodied in the deed or contained in a separate writing under seal, it could not have formed the basis for such a defense. 3 Jones, Mortgages (7th ed.) §1505; *Coursen* v. *Canfield* (1870), 21 N. J. Eq. 92; *Pfeninghauser* v. *Shearer* (1895), 65 Mo. App. 348. In *Coursen* v. *Canfield, supra,* it appears that the note and mortgage sued on were given for a part of the purchase price of the real estate described in the mortgage and that, as a part of the transaction, the vendor executed a separate written contract under seal by which he agreed to procure releases from certain persons claiming to hold an interest in the real esate conveyed. The grantor possessed a determinable fee only in the land conveyed and was capable of conveying no greater interest. In a suit to foreclose the mortgage given for the balance of the purchase price, it was held that a breach of the contract to procure the releases could not constitute the basis of a defense. The Chancellor said: "The covenant and mortgage must be construed together as part of one transaction, and as if they had been contained in the same instrument. And then the question is resolved into this, Would the breach of a covenant by the mortgagee contained in a mortgage, preclude him from foreclosing it? The covenants in this case are independent. The mortgagee agreed to procure the releases forthwith, absolutely. The mortgagor agreed to pay the money at the stipulated time absolutely, and not on condition that the releases had been procured. * * * The parties could have made the bargain either way. They chose to make, and did make, independent covenants. And there is no principle established in courts of equity, by which an effect will be given to such covenants, different from their legal effect, and independent cove-

nants turned into conditional, because it will give better protection to a party, or will diminish litigation. The failure of the mortgagee to keep his covenant, is no defense to a suit for payment of the mortgage money."

The answer does not aver that appellant has been evicted from any part of the land purchased or that he has yielded possession of the land or any part of it to a paramount title. "It is well settled that where a deed is made and accepted, and possession taken under it, want of title will not enable the purchaser to resist the payment of the purchase-money, or recover more than nominal damages on his covenants, while he retains the deed and possession, and has been subjected to no inconvenience or expense on account of defect of title; and for such damages a judgment will not be reversed. *Mahoney* v. *Robbins* (1874), 49 Ind. 146, 148; *Grubbs* v. *Barber* (1885), 102 Ind. 131, 1 N. E. 636; *Hacker* v. *Blake* (1861), 17 Ind. 97.

The answer does not aver facts showing a want or a failure of consideration. No fraud is alleged. No facts are averred to show that appellant did not know the exact character of the title he was acquiring by the deed. He made his own contract and must be bound by it. If he saw fit to rely upon the warranties and agreements of appellee with respect to the title and to look to her personal responsibility in case of default in their performance, he cannot now complain.

The cases relied on by appellant can all be distinguished from the case at bar. In some of the cases the payment of the purchase money secured by the mortgage was not to be enforced until the title had been perfected by securing deeds or discharging incumbrances. *Branham* v. *Cossett* (1861), 17 Ind. 502; *Burk* v. *Brown, supra,* and *Weaver* v. *Wilson* (1868), 48 Ill. 125. In some of the other cases facts were averred showing

a total want or a total failure of consideration. *Leonard* v. *Bates* (1822), 1 Blackf. 172, and *Davis* v. *Clements* (1826), 2 Blackf. 3.

It seems to be settled by the weight of authority that, where a party takes a conveyance by warranty deed knowing the vendor's title to be defective upon an agreement by the vendor to perfect the title at some time not definitely fixed, and where the agreement to perfect the title is not made a condition precedent to the payment of the purchase-money mortgage, the breach of such agreement cannot form the basis of a defense to a suit to foreclose such mortgage where possession was taken and held under the deed and the vendee has not been disturbed in his possession or put to inconvenience or expense because of the assertion of a superior lien or title.

The court did not err in its rulings on the demurrers to the answers. The death of the appellee having been suggested, the judgment is affirmed as of the date of submission.

NOTE.—Reported in 117 N. E. 864. See under (1) 27 Cyc 1554; (2) 39 Cyc 1927, 1931.